1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    CLARKE AND REBECCA WIXON AND              No. C07-02361  JSW
     NORMAN AND BARBARA WIXON, ON
10   BEHALF OF THEMSELVES AND ALL
     OTHERS SIMILARLY SITUATED,

11              Plaintiffs,                    **ORDER GRANTING
                                              PLAINTIFFS' MOTION FOR
12        v.                                  LEAVE TO FILE AMENDED
                                              COMPLAINT**
13   WYNDHAM RESORT DEVELOPMENT
     CORP. (F/K/A TRENDWEST RESORTS,
14   INC.),

15              Defendant.
                                        /
16

17        Now before the Court is Plaintiffs' motion for leave to amend the complaint.  The Court

18   finds this matter suitable for disposition on the papers and HEREBY VACATES the October

19   26, 2007 hearing date.  *See* Civ. L.R. 7-1(b).  Having carefully considered the parties'

20   arguments and relevant legal authority, the Court hereby GRANTS Plaintiffs' motion to amend

21   the complaint and ORDERS Plaintiffs to file their amended complaint by October 26, 2007.  In

22   addition, the Court CONTINUES the initial case management conference from October 26,

23   2007 to December 14, 2007 at 1:30 p.m.  Further, discovery shall be stayed as to any of the new

24   defendants and new allegations until the case management conference is held.

25                              **BACKGROUND**

26        On April 2, 2007, Plaintiffs filed a class action complaint in the current lawsuit.  The

27   original complaint named Defendant Wyndham Resort Development Corp. ("WRDC") and

28   Does 1-50.  WRDC answered the complaint and removed the case to this Court on May 1, 2007.

**United States District Court**
For the Northern District of California

1    On May 16, 2007, the initial case management conference was scheduled for August 10, 2007.

2    On July 11, 2007 the parties met to conduct their Rule 26(f) conference.  At that time, Plaintiffs

3    informed Defendant that, based on the outcome of their investigation, they were likely to amend

4    the complaint to add additional defendants and facts giving rise to liability.

5         Plaintiffs served their initial discovery on July 20, 2007.  On July 26, 2007, due to the

6    Court's unavailability, the initial case management conference was reset to October 12, 2007.

7    Then, on August 13, 2007 WRDC produced 1,655 pages of documents.  On September 10,

8    2007, Plaintiffs sent a draft of their amended complaint to Defendant, requesting that Defendant

9    stipulate to their amended complaint.  Defendant refused to stipulate to Plaintiffs' request.

10        On October 26, 2007, Plaintiffs filed a motion for leave to amend the complaint.  In their

11   amended complaint, Plaintiffs seek to change the class definition, to include additional factual

12   allegations in support of their existing causes of action, and to add five new defendants against

13   whom they bring new related claims.

14                                        **ANALYSIS**

15   **A.    Legal Standard Applicable to Motions to Amend**.

16        Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend their complaint, after a

17   responsive pleading has been served, by leave of court or by consent of the adverse party.  Rule

18   15(a) provides that leave to amend "shall be freely given."  *See* Fed. R. Civ. Proc. 15(a).  The

19   Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be

20   applied with 'extreme liberality.'"  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

21   Four factors are considered to determine whether a motion for leave to file an amended

22   complaint should be granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

23   1987).  These factors are: bad faith, undue delay, prejudice to the opposing party, and futility of

24   amendment.[1]  *Id*.  While these "factors are usually used as criteria to determine the propriety of

25   a motion for leave to amend ... the crucial factor is the resulting prejudice to the opposing

26   party."  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

27

28

---

[1]  Futility is not an issue in this case.

**B.      Plaintiffs Shall Be Given Leave to Amend.**

WRDC argues that Plaintiffs have brought their amendment in bad faith.  (Opp. at 5.)
In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse
party must offer evidence that shows "wrongful motive" on the part of the moving party.  *See*
*DCD Programs*, 833 F.2d at 187.  Nothing in the record supports a finding of bad faith.
Accordingly, this factor weighs in favor of granting the motion.

Next, WRDC argues that Plaintiffs have failed to explain the delay in bringing their
motion for leave to amend.  (Opp. at 5.)  While undue delay is a factor for denying leave to
amend, "[u]ndue delay by itself is insufficient to justify denying a motion to amend."  *Bowles v.*
*Reade,* 198 F.3d 752, 757-58 (9th Cir. 1999).  A moving party may be precluded from asserting
an amendment on the basis of undue delay where the matters asserted in the amendment were
known to them from the beginning of the suit.  *See Komie v. Buehler Corp*., 449 F.2d 644, 648
(9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31
months after the answer was filed, the trial court did not abuse its discretion in denying leave to
amend).  The Court concludes that Plaintiffs' did not unduly delay in filing this motion.  This
suit is in an early stage.  Moreover, Plaintiffs explained to WRDC that they waited until their
investigation provided them with sufficient evidence of conduct upon which they could amend
the complaint.  (*See* Declaration of Jonathan Levine ¶ 6.)  The Court finds that to be a
satisfactory explanation.  Therefore, Plaintiffs did not file their motion for leave to amend the
complaint with undue delay.  Accordingly, this factor weighs in favor of granting the motion.

Finally, WRDC argues that Plaintiffs' unexplained delay prejudices WRDC because
new claims of liability are asserted in the amended complaint, which are inconsistent with the
original complaint and which will result in duplicative discovery.  (Opp. at 3, 6.)  The Ninth
Circuit has held that undue delay may result in prejudice when a motion for leave to amend is
made on the eve of the discovery deadline, which would have required reopening discovery, or
when an amendment is asserted at a late stage of the action and would inevitably lead to a delay
in the trial and further expense to the opposing party.  *See Solomon v. North Am. Life & Cas.*
*Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998) (citations omitted); *see also McGlinchy v. Shell*

**United States District Court**
For the Northern District of California

3

United States District Court

For the Northern District of California

1  *Chemical Co.*, 845 F.2d 802 (9th Cir. 1998) (where plaintiffs waited more than 6 months after

2  the original complaint was filed and until after the original trial date had been vacated to

3  attempt to amend the complaint, delay was undue, and leave to amend was properly denied).  In

4  this case, as mentioned above, Plaintiffs' motion for leave to amend was filed at a very early

5  stage in the litigation in which little discovery has been taken by both parties.  Indeed the

6  parties here have not yet appeared for an initial case management conference.  An adverse party

7  may also suffer prejudice by undue delay when the moving party asserts a totally new and

8  unrelated claim, which is filed at a late stage of the proceeding.  *See Morongo Band of Mission*

9  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (undue delay was prejudicial where new

10  claims set forth in the amended complaint would have greatly altered the nature of the litigation

11  and would have required defendants to have undertaken, at a late hour, an entirely new course

12  of defense).  Here, WRDC concedes that any new claims brought against the new defendants

13  are intertwined with those asserted against WRDC.  (Opp. at 7.)  Accordingly, WRDC will

14  suffer no prejudice if the Court grants Plaintiffs leave to amend, and this factor weighs in favor

15  of granting the motion.

16                                                    **CONCLUSION**

17          For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file an

18  amended complaint.  The Court ORDERS Plaintiffs to file their amended complaint by October

19  26, 2007.  Defendants' responsive paper or motion shall be filed 20 days after they are served

20  with the amended complaint.  The Court also CONTINUES the initial case management

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1    conference from October 26, 2007 to December 14, 2007 at 1:30 p.m.[2]

2        **IT IS  SO ORDERED.**

3

4    Dated:  October 22, 2007                    _____
                                                JEFFREY S. WHITE
5                                               UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27   [2]  The Court has received the joint case management statement.  Pursuant to the Standing Order
     for All Judges of the Northern District of California, a joint case management statement filed
28   under Civil Local Rule 16-9, except in unusually complex cases, should not exceed ten pages.
     Although this case may be more complex than others, 23 pages is excessive.

**United States District Court**
For the Northern District of California

5