1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARKE AND REBECCA WIXON, et al.

      Plaintiffs,

    v.

WYNDAM RESORT DEVELOPMENT CO.
(f/k/a TRENDWEST RESORTS, INC.), et al.

      Defendants.

_____/

No. C 07-02361 JSW

**NOTICE OF QUESTIONS FOR
HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

APRIL 11, 2008, AT 9:00 A.M.:

      The Court has reviewed the parties' memoranda of points and authorities and, thus, does

not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and

opposing counsel of these authorities reasonably in advance of the hearing and to make copies

available at the hearing.  If the parties submit such additional authorities, they are ORDERED

to submit the citations to the authorities only, with pin cites and without argument or additional

briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral

argument to explain their reliance on such authority.

      Each party shall have (20) minutes to address the following questions:

**United States District Court**
For the Northern District of California

**Motion to Dismiss for Lack of Personal Jurisdiction**

1.     Is the Court correct that Plaintiffs concede general jurisdiction is not applicable in this case?

2.     In support of their "purposeful availment" argument, Plaintiffs assert that the Director Defendants published candidate statements and other information and solicited votes from Worldmark members in California.  How does Plaintiffs' breach of fiduciary duty claim arise out of these activities?

3.     Plaintiffs refer generally to Exhibits 2-6 of the Pritzker Declaration to support the statements at page 18, lines 11-15 of their opposition brief.  What specific references in those exhibits support these statements?

**Motions to Dismiss for Failure to State a Claim**

4.     Plaintiffs contend that the Court need not determine whether their claims are direct or derivative on the ground that have contractual and statutory rights to bring these claims.  Do Plaintiffs have any authority to support the proposition that, in such a situation, the Court should overlook what otherwise might be derivative claims?

5.     a.     Would Plaintiffs agree that the Declaratory Relief claim is somewhat ambiguous given that the introductory paragraph refers to all Defendants, but in the subsequent paragraphs the allegations refer only to Wyndham?

       b.     Would the Director Defendants agree that, assuming the Court denies the motion to dismiss for personal jurisdiction and concludes that the action is direct, this alleged defect could be cured by amendment?

6.     The Director Defendants assert that Articles 7.1 and 7.2 of the Declaration do not permit these claims.  That assertion is premised upon the assumption that the claims are derivative.  If the Court concludes that the action is a direct action, do the Director Defendants concede these provisions permit Plaintiffs to bring some, if not all, of these claims?  If not, on what basis?

2

a.    What is Plaintiffs' response to the Director Defendants' contention that the Amended Complaint does not set forth facts showing a violation of "the Articles, Bylaws, Rules or any valid resolution of the Board?"  (Reply Br. at 2:21-26.)

7.    One of Plaintiffs' allegations is that Wyndham designed its TravelShare program "to create an artificial distinction between Vacation Credits purchased from Wyndham and those purchased on the resale market."  (Am. Compl., ¶ 44.)  What is Defendants' best argument that the alleged injury from this conduct is an injury to Worldmark, rather than Worldmark members who can no longer resell their Vacation Credits?

8.    With respect to the CLRA claim, why are Vacation Credits not like a certificate or coupon?  *See* Cal. Civ. Code sec. 1761(a).

9.    Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: April 9, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3