IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>WYNDAM RESORT DEVELOPMENT CO. (f/k/a TRENDWEST RESORTS, INC.), et al.<br><br>    Defendants.<br>_____/ | No. C 07-02361 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JULY 18, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party shall have fifteen (15) minutes to address the following questions:

1. In their Second Amended Complaint, Plaintiffs allege that the Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (SAC ¶ 1.) Plaintiffs do not reference supplemental jurisdiction in the SAC, yet their opposition to Defendants' motion is premised upon the theory that the Court has supplemental jurisdiction over the derivative claims.

    a. Do Plaintiffs contend that the Court would have original jurisdiction under CAFA for the claims that are asserted against Worldmark and the Director Defendants? If not, why is there no reference to 28 U.S.C. § 1367 in the SAC?

    b. In *Exxon Mobil Corp. v. Allapatta Servs. Inc.*, 545 U.S. 546 (2005), the Supreme Court noted that "[a] failure of complete diversity ... contaminates every claim in the action." *Id.* at 564. Thus, although the Court concluded that, in cases where original jurisdiction is premised upon 28 U.S.C. § 1332, a court can exercise supplemental jurisdiction over claims that do not meet the amount in controversy requirement, the Court did not purport to modify the general rule regarding complete diversity.

    What is Plaintiffs' best argument that when Congress amended section 1332 to allow minimal diversity in a CAFA action, it also intended to allow a court to exercise supplemental jurisdiction over claims against defendants if complete diversity is lacking?

    c. Do any of the parties have any additional authority in which a court has addressed the exercise of supplemental jurisdiction over claims for which complete diversity does not exist, where subject matter jurisdiction of the action is premised upon CAFA?

2. Plaintiffs set forth certain facts at 11:19-12:5 of their opposition, which purport to demonstrate that Wyndham dominates and controls WorldMark's Board. Which paragraphs of the SAC recount those facts?

3. Are there any other issues the parties wish to address?

Dated: July 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE