**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WYNDAM RESORT DEVELOPMENT CO. (f/k/a TRENDWEST RESORTS, INC.), et al.<br><br>Defendants.<br>_____/ | No. C 07-02361 JSW<br><br>**ORDER DENYING DIRECTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |

**INTRODUCTION**

Now before the Court is the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Gene Hensley ("Hensley"), Dave Herrick ("Herrick"), John Henley ("Henley"), Peggy Fry ("Fry"), and John McConnell ("McConnell") (collectively "the Director Defendants"). Having considered the parties' papers, relevant legal authority, the record in this case, the Court finds the matter suitable for disposition without oral argument, and the Court HEREBY DENIES the Director Defendants' motion.

**BACKGROUND**

The Court previously has recounted the facts giving rise to this dispute and shall not repeat them here. On July 23, 2008, the Court granted, in part, the Director Defendants' motion to dismiss Plaintiffs' Second Amended Complaint on the basis that Plaintiffs had not alleged

facts showing that demand upon WorldMark, The Club's Board of Directors (the "Board"), would be futile. The Court granted Plaintiffs leave to amend, and on September 2, 2008, Plaintiffs filed their Third Amended Complaint ("TAC").

Plaintiffs allege that demand on the Board should be excused because: (1) WorldMark and its Board are dominated and controlled by Wyndham; (2) the Board has manipulated the election process to impede the proxy rights of WorldMark members and to allow Wyndham to retain dominance and control over the Board; (3) the Board has taken actions that are not in good faith, that violate WorldMark's Governing Documents, and that are not in the best interests of WorldMark's members; and (4) the Board is neither disinterested nor independent. (TAC ¶ 81.) The Director Defendants once again move to dismiss the claims against them on the basis that Plaintiffs' allegations of demand futility still are insufficient.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.   Applicable Legal Standards.**

**1.     Rule 12(b)(6).**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

While, as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and

1 citation omitted).  In support of their motion, the Director Defendants have submitted board
2 minutes and indemnification agreements that are referenced in, but not attached to, the TAC.
3 Plaintiffs have not questioned the authenticity of those documents.  Accordingly, the Court may
4 consider them in resolving this motion.

### 2.     Rule 23.1

"A shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors or plead with particularity the reasons why such demand would have been futile." *In re Silicon Graphics*, 183 F.3d at 989-90. The demand requirement serves the purpose of affording "the directors an opportunity to exercise their reasonable business judgment and waive a legal right vested in the corporation in the belief that its best interests will be promoted by not insisting on such right." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96 (1991) (internal quotation marks omitted).  Because Rule 23.1 does not establish standards to evaluate demand futility, the Court looks to the substantive law of California, where WorldMark is incorporated.  *See id.* at 99; *In re Silicon Graphics*, 183 F.3d at 990.  California courts often look to and apply Delaware law on this issue.  *See Shields v. Singleton*, 15 Cal. App. 4th 1611, 1621 (1993).

### B.     Plaintiffs Have Stated Facts Sufficient to Show Demand Futility.

It remains undisputed that Plaintiffs did not make a demand on WorldMark before filing the TAC.  (TAC ¶ 81.)  "The test for proving demand futility is whether the facts show a reasonable doubt that (1) the directors are disinterested and independent, and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Oakland Raiders v. Nat'l Football League*, 93 Cal. App. 4th 572, 587 (citing *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984)).  Conclusory facts are insufficient to meet this burden.  *Id.*, 93 Cal. App. 4th at 587 (citing *Shields*, 15 Cal. App. 4th at 1622).

Plaintiffs contend that the *Oakland Raiders* test is couched in the disjunctive. (Opp. Br. at 10:5-6 (quoting *Brehm v. Eisner*, 746 A.2d 244, 256 (Del. 2000)).)  However, in *Aronson*, the court phrased the test in the conjunctive.  *Aronson*, 473 A.2d at 814.  Subsequently, the Delaware Supreme Court recast the *Aronson* test.  *See Rales v. Blasband*, 634 A.2d 927, 933

1  (Del. 1999) (articulating test as: "whether, under the particularized facts alleged, a reasonable

2  doubt is created that: (1) the directors are disinterested and independent [or] (2) the challenged

3  transaction was otherwise the product of a valid exercise of business judgment") (quoting

4  *Aronson*, 473 A.2d at 814, with brackets as in *Rales*)).  WorldMark is a California corporation.

5  Thus, notwithstanding the apparent conflict in Delaware law, to the extent the *Aronson* test does

6  apply, the Court must apply the test as set forth in *Oakland Raiders*.

Plaintiffs argue that a majority of the Board is not independent.

> "Independence" exists when a director's decision is based on "the corporate merits of the subject before the board" rather than on "extraneous considerations or influences." ... When lack of independence is charged, the plaintiff must allege particularized facts "show[ing] that the Board is either dominated by an officer or director who is the proponent of the challenged transaction or that the Board is so under his influence that its discretion is 'sterilize[d].'" ... If a director is considered "controlled" by another, he or she is lacking in the independence necessary to consider the challenged transaction objectively.
>
> A controlled director is one who is dominated by another party, whether through close personal or familial relationship or through force of will.  A director may also be considered "controlled" if he or she is beholden to the allegedly controlling entity, as when the entity has the direct or indirect unilateral power to decide whether the director continues to receive a benefit upon which the director is so dependent or is of such subjective material importance that its threatened loss might create a reason to question whether the director is able to consider the corporate merits of the challenged transaction objectively.

18  *In re Sagent Technology Deriv. Lit.*, 278 F. Supp. 2d 1079, 1088 (N.D. Cal. 2003) (citations

19  omitted); *see also Aronson*, 473 A.2d at 816 ("[I]n the demand-futile context a plaintiff

20  charging domination and control of one or more directors must allege particularized facts

21  manifesting 'a direction of corporate conduct in such a way as to comport with the wishes or

22  interests of the corporation (or persons) doing the controlling.'").

23  Plaintiffs again allege that Herrick and Fry currently are employees of Wyndham, as

24  well as members of the Board.  (*See* TAC ¶¶ 11, 13, 86.)  Although Plaintiffs have not alleged

25  how much Herrick and Fry earn, the Court does not find that fact to be dispositive.  It is

26  reasonable to conclude that Herrick and Fry would have a "substantial financial interest in

27  maintaining their employment" with Wyndham.  *See Rales*, 634 A.2d at 937; *In re Cray, Inc.*,

28  431 F. Supp. 2d 1114, 1128 (W.D. Wash. 2006) (concluding that directors who relied on

substantial income from corporation lacked independence); *In re The Student Loan Corp. Deriv. Lit.*, 2002 Del. Ch. LEXIS 7 at *8-9 (Del. Ch. Jan. 8, 2002) (concluding that directors, who were employed by corporation's parent, could not be considered independent where allegations rested on fact that parent took actions at expense of corporation for whom they served as directors); *cf. In re Primedia, Inc. Deriv. Lit.*, 910 A.2d 248, 261 n.45 (Del. Ch. 2006).

Plaintiffs also allege that, at the time demand should have been made, Wyndham agreed to indemnify Hensley in connection with his service on the Board. (*See* TAC ¶ 124; Declaration of Matthew G. Ball in Support of Director Defendants' Reply ("Ball Reply Decl."), Ex. B.) Defendants argue that this indemnification agreement is insufficient to show that Hensley could not fairly evaluate a demand, relying on *Globis Parnters L.P. v. Plumtree Software, Inc.*, 2007 Del. Ch. LEXIS 169 (Del. Ch. June 29, 2007). In that case, the court, with little analysis, determined that allegations of indemnification were insufficient to establish that the indemnification would have been material to the defendants, noting that indemnification generally does not increase a director's wealth. *Id.,* 2007 Del. Ch. LEXIS 169 at *29 n.63. In this case, Plaintiffs offer the indemnification agreement to show Hensley's lack of independence from Wyndham, and that agreement shows that Wyndham is not indemnifying Hensley for his actions as a Wyndham employee. Rather, it has agreed to indemnify him for his actions as a member of the Board.

Defendants also argue that because the WorldMark Bylaws provide for indemnification, Wyndham's indemnification cannot be considered material. That WorldMark Bylaws provide for indemnification "*upon approval of* (a) a majority of a quorum of directors who are not a party to such proceeding; (b) the Voting Power, pursuant to Bylaw 3.2(b), excluding those who are parties to such action; or (c) the court in which such action is or was pending." (*See* Docket No. 79 (Declaration of Elizabeth C. Pritzker in Support of Plaintiffs' Opposition to Director Defendants' Motion to Dismiss Amended Complaint, Ex. 2 (Bylaws ¶ 9.3) (emphasis added)).) The WorldMark Bylaws do not guarantee that Hensley would be indemnified for claims asserted against him, and it is reasonable to infer that the indemnification Wyndham is providing would have subjective material importance to him.

5

Accordingly, the Court concludes that Plaintiffs have alleged facts that are sufficient to show that Wyndham has "direct or indirect unilateral power to decide whether" Herrick, Fry and Hensley continue "to receive a benefit upon which the director is so dependent or is of such subjective material importance that its threatened loss might create a reason to question whether the director is able to consider the corporate merits of the challenged transaction." *In re Sagent*, 273 F. Supp. 2d at 1088. As such, Plaintiffs have alleged facts sufficient to meet the first prong of the *Oakland Raiders* test.

The second prong of the *Oakland Raiders* test focuses on the actions that allegedly constitute breaches of the Director Defendants' fiduciary duties to Plaintiffs. In this case, those actions can be classified into two broad categories, actions relating to the Travel Share program (the "Travel Share actions") (*see* TAC ¶¶ 40-59) and election related actions (*id.* ¶¶ 89-111). The Delaware Supreme Court has noted that "[n]ot all derivative suits fall into the paradigm addressed by *Aronson*," the predicate of which is that "a *decision* of the board of directors is being challenged in the derivative suit." *Rales*, 624 A.2d at 933 (emphasis in original). However, "where the subject of the derivative suit is not a business decision of the board," the *Aronson* test will not apply. Rather, a court should "examine whether the board that would be addressing the demand can impartially consider its merits without being influenced by improper considerations." *Id.* at 934.

Although Plaintiffs urge the Court to apply the *Aronson* test with respect to the Travel Share actions, the Court believes the *Rales* test is more appropriate. The allegations relating to the Travel Share actions pertain to action taken by Wyndham, rather than decisions that made by the Board. In light of the Court's conclusion that the Plaintiffs have alleged facts sufficient to show that a majority of the Board was not independent, the Court concludes that Plaintiffs have alleged facts sufficient to show that a demand relating to the Travel Share action would have been futile. To the extent the *Aronson* test would apply to the Travel Share actions, in light of the allegations that the Travel Share Program is enriching Wyndham to WorldMark's detriment, and in light of the Court's conclusions that Herrick, Fry and Hensley cannot be

6

1 considered independent, the Court concludes that Plaintiffs' allegations are sufficient to satisfy
2 the second prong of the *Oakland Raiders* test.

3 Plaintiffs also premise their breach of fiduciary duty claim on allegations that the
4 "rigged the election process by reallocating proxy votes, pre-screening candidates, and
5 impeding candidates from communicating directly with other WorldMark members." (Opp. Br.
6 at 17:20-22, 18:9-10; TAC ¶¶ 89-111.) "[W]hen a board of directors acts for the *primary*
7 purpose of impeding or interfering with the effectiveness of a shareholder vote," the deferential
8 business judgment rule does not apply. *MM Companies, Inc. v. Liquid Audio, Inc.*, 813 A.2d
9 1118, 1128 (Del. 2003) (emphasis in original) (citing *Blasius Indus., Inc. v. Atlas Corp.*, 564
10 A.2d 651, 659-60 (Del. Ch. 1988)). Plaintiffs allege that the Board traditionally voted its proxy
11 votes for directors in accordance with the popular vote of the membership as a whole. (TAC ¶¶
12 94-97.) Plaintiffs allege facts regarding the relationship between Wyndham and WorldMark
13 and allege that Wyndham, in fact, so dominates WorldMark that WorldMark does not function
14 as an independent corporation. (*Id.* ¶¶ 17-21, 82-88.) Plaintiffs also allege that Wyndham and
15 the WorldMark perpetuate this relationship through the election process.

16 For example, Plaintiffs allege that in 2005 and 2006, as "owners began to be more vocal
17 and more organized in their challenges to the actions of Wyndham and the WorldMark Board,"
18 the Director Defendants took actions to manipulate the election process and to make it more
19 difficult to raise electoral challenges to the Board, thereby ensuring their continued dominance
20 of the Board. (*Id.* ¶ 99.) Specifically, Plaintiffs allege that the Director Defendants have
21 refused to provide access to the membership roster and have adopted a formal policy to refuse
22 to provide the roster to WorldMark owners, even though the Bylaws expressly provide that it is
23 to be made available for any purpose reasonably related to a person's interest as a member. (*Id.*
24 ¶¶ 100, 107; Bylaws ¶ 7.1(a).) Plaintiffs also allege that the Director Defendants have
25 differentiated between members and Directors in the manner in which an owner could assign
26 their proxy votes and have manipulated the election process by taking actions to preclude
27 independent directors from being elected. (*Id.* ¶¶ 103, 108-111.) Taking these facts as true, the
28 Court concludes that Plaintiffs have alleged sufficient facts to suggest that Defendants have

acted for the primary purpose of impeding or interfering with the effectiveness of a membership vote.

The Court concludes that Plaintiffs have sufficiently alleged demand futility. Therefore, the Director Defendants' motion is denied.

## CONCLUSION

For the foregoing reasons, the Director Defendants' motion to dismiss is denied. If, as a result of this Order, the parties need to revise the Joint Case Management Statement submitted on October 24, 2008, they shall do so by no later than November 7, 2008. If the Court does not received a revised case management statement by that date, it shall refer to the October 24, 2008 statement in preparation for the November 14, 2008 case management conference.

**IT IS SO ORDERED.**

Dated: November 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE