UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE and REBECCA WIXON,<br><br>        Plaintiff(s),<br><br>  v.<br><br>WYNDHAM RESORT DEVELOPMENT CORP., et al.,<br><br>        Defendant(s). | No. C 07-2361 JSW (BZ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DIRECTOR DEFENDANTS' MOTION TO COMPEL** |

    Defendants Hensley, Herrick, Fry, Henley, and McConnell ("defendants") have moved to compel plaintiffs to respond to four interrogatories. Having read all the papers submitted, I find no need for argument or a hearing. **IT IS ORDERED** that defendants' motion to compel is **DENIED** in part and **GRANTED** in part as follows:

    1. Plaintiffs' objections that Interrogatories 1(a), 2(a), 2(b), 3(a), 3(b), 4(a), and 4(b) are premature are **SUSTAINED**. Defendants have failed to show why the information sought in these interrogatories will assist them with their motion challenging plaintiffs' adequacy as Rule 23.1 representatives or why, given the competing demands on

1

plaintiffs' counsel, there is a legitimate need to have these interrogatories answered at the present time. To the extent the defendants seek information necessary for the purposes of determining whether plaintiffs are adequate class representatives, such information generally can be better obtained via deposition.[1] If plaintiffs succeed on the Rule 23.1 motion, they shall answer these interrogatories within sixty (60) days of the ruling.

2. Plaintiffs **SHALL** respond to interrogatories 1(b), 2(d), 3(d), and 4(d) concerning the specific types of damages they have suffered by **April 17, 2009**.

3. Plaintiffs' objections to interrogatories 2(c), 3(c), and 4(c) as seeking impermissible legal analysis are **SUSTAINED**.

Dated: April 13, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\WIXON V. TRENDWEST\ORDER ON DIRECTOR D'S MOT TO COMPEL.wpd

---

[1] Among the elements that courts must evaluate in considering whether a derivative plaintiff meets representation requirements under Rule 23.1 are economic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indications that the plaintiff is not the driving force behind litigation; plaintiff's unfamiliarity with the litigation; whether there is other litigation pending between the plaintiff and the defendant; the relative magnitude of the plaintiff's personal interests as compared to his interest in derivative action itself; the plaintiff's vindictiveness toward the defendant; and, the degree of support the plaintiff is receiving from shareholders he purports to represent. Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir. 1990); see also Davis v. Comed, Inc., 619 F.2d 588, 593 (6th Cir. 1980).