IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>WYNDAM RESORT DEVELOPMENT CO.<br>(f/k/a TRENDWEST RESORTS, INC.), et al.<br><br>    Defendants.<br> / | No. C 07-02361 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 26, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively** refers the motion to strike to a special master for a report and recommendation on whether all or part of the Keeley Report should be excluded from consideration in connection with the motion for class certification or whether other sanctions should be imposed. The Court reserves issuing a tentative ruling on the remaining motions.

Each party shall have twenty (20) minutes to address the following questions:

**Motion to Enforce and to Strike**

1. The Director Defendants also rely on large portions of the Keeley Report in connection with the motion to dismiss. Do Plaintiffs seek similar relief in connection with that motion?

2. Does WRDC contend that the Court can resolve the Motion for Class Certification without considering the Keeley Report? If so, on what basis?

3. If the motion to strike is granted, in full or in part, do Plaintiffs contend that the Court needs to consider Dr. Lamb's rebuttal report?

**Motion for Class Certification**

4. Does WRDC concede Plaintiffs can establish the first three requirements of Rule 23(a)?

5. Does Plaintiffs' proposed class definition exclude WorldMark members who purchased additional vacation credits after November 5, 2006?

6. Why are Norman and Barbara's claims typical of the class if they have not used Bonus Time? Similarly, why are Plaintiffs' claims typical of the class if they have never participated in the election process or attempted to sell vacation credits?

**Motion to Dismiss**

7. The Director Defendants argue that Plaintiffs cannot show injury to WorldMark, which appears to the Court to be an argument directed to the merits of Plaintiffs' claims. (Reply Br. at 7 n.10, 10 n. 16.) How is that fact relevant to the adequacy of their representation?

8. Are there any other issues the parties wish to address?

Dated: June 25, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2