IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARKE AND REBECCA WIXON, et al.,

    Plaintiffs,

v.

WYNDHAM RESORT DEVELOPMENT CORP., et al.,

    Defendants.

No. C 07-02361 JSW

**ORDER APPOINTING SPECIAL MASTER**

Pursuant to the stipulation of the Plaintiffs and Wyndham Resort Development Corporation, the Court HEREBY APPOINTS as Special Master, Edward M. Swanson, Esq., Swanson McNamara & Haller, LLP, 300 Montgomery Street, Suite 1100, San Francisco, California 94104.

Pursuant to this Order, the duties of the Special Master shall be as follows:

1. To prepare a Report and Recommendation on Plaintiffs' Motion to Enforce Class Certification Discovery Stipulation and Motion to Strike pursuant to Federal Rule of Civil Procedure. In preparing his Report and Recommendation, the Special Master shall consider whether there were any violations of the parties' January 15, 2009 letter agreement, whether Plaintiffs suffered any prejudice as a result of any such violations, what the appropriate remedy for any such violations may be, including but not limited to striking all or part of the Keeley Report, and whether any other sanctions are warranted pursuant to the Federal Rules of Civil

Procedure or the Court's inherent authority. Pursuant to the Court's Order in open court on June 26, 2009, the Report and Recommendation shall be due no later than July 20, 2009. The parties may file any objections or motions to modify or adopt the Report, pursuant to Federal Rule of Civil Procedure 53(f), by no later than fourteen (14) days after the date the Report is issued. The parties may file a response to the opposing party's Rule 53(f) submission seven (7) days thereafter.

2. The Special Master shall have the authority to set the date, time and place for all hearings determined to be necessary; to preside over hearings (whether telephonic or in person); and to receive additional evidence or briefing in connection with this dispute. In addition, the Special Master shall have the full authority to take actions set forth in Federal Rule of Civil Procedure 53(c)(1), (2).

3. A court reporter shall transcribe any hearing or other proceeding before the Special Master, unless otherwise agreed to by the parties and the Special Master.

4. The cost of any proceeding before the Special Master, including the fees of the Special Master, the fees of court reporters who transcribe hearings or other proceedings before the Special Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Special Master shall be paid one-half by Plaintiffs and one-half by Wyndham, consistent with the Federal Rules of Civil Procedure. However, in making his Report and Recommendation, the Special Master may recommend whether the fees and costs incurred in connection with this proceeding should be allocated in a different fashion, based on the fault of one or both parties.

5. The Special Master shall be compensated according to his regularly hourly rate of
$ 515.00.

6. The Special Master shall not have *ex parte* communications with parties or counsel. In order to effectuate his duties, and with the consent of the parties, the Special Master shall be permitted to communicate with this Court on an *ex parte* basis solely with respect to procedural matters.

2

7. If the Special Master requests further briefing or additional materials to be submitted, the parties shall file with the Clerk the original materials and shall serve a courtesy copy on the Special Master. The parties need not serve a courtesy copy on chambers. The parties shall follow the procedures set forth in Northern District Civil Local Rule 79-5 with respect to any documents that are requested to be filed under seal.

8. The Special Master is hereby authorized to receive and consider information and documents designated "Confidential" and "Highly Confidential Attorneys' Eyes Only" pursuant to the Stipulated Protect Order entered in this matter. The Special Master agrees to be bound by said Protective Order.

9. The Special Master shall preserve and maintain all documents and materials submitted by the parties as well as any interim orders and the Report and Recommendation issued by the Special Master. These documents, materials, orders, reports and recommendations shall be the record of the Special Master's activities and shall be maintained in chronological order until the resolution of this matter.

10. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with all reasonable diligence.

11. Based on an affidavit filed by Edward M. Swanson, Esq., pursuant to 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not aware that he has a relationship to the parties, to counsel, to the action, or to the Court that would require disqualification of a judge under 28 U.S.C. § 455, and based thereon, the parties expressly waive any ground for disqualification of Edward M. Swanson, Esq. to serve as Special Master in this proceeding.

**IT IS SO ORDERED.**

Dated: June 29, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3