UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARKE and REBECCA WIXON,

       Plaintiff(s),      No. C 07-2361 JSW (BZ)

  v.

WYNDHAM RESORT DEVELOPMENT CORP., et al.,

       Defendant(s).

**ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SUBPOENA**

On June 18, 2008, defendant Wyndham Resorts ("Wyndham") retained non-party Cornerstone Research ("Cornerstone") as a consultant to prepare an expert report regarding class certification. The retention agreement contemplated that Dr. Marshal E. Keeley, a Senior Vice President and part owner of Cornerstone, would prepare the report, assisted by Dr. Vandy Howell and other members of Cornerstone's staff. After Dr. Keeley prepared the report, Wyndham designated him as a testifying expert. By agreement, the parties exchanged fairly broad subpoenas for expert documents. Dr. Keeley responded to his subpoena on May 6, 2009.

At his deposition on May 13, 2009, Dr. Keeley testified that he had narrowly interpreted the subpoena, and that

despite receiving assistance from other people at Cornerstone in preparing his report, including a Dr. Saravia who actually drafted the report, Dr. Keeley only produced personal emails and documents furnished to him, not documents or communications prepared or maintained by Cornerstone staff that were not transmitted to him.

On May 13, 2009, plaintiffs served Cornerstone with a broad subpoena to produce a variety of documents pertaining to Dr. Keeley's expert report.  Cornerstone objected to the subpoena as seeking documents protected by Fed. R. Civ. P. 26(b)(4), the attorney-client privilege and the work product doctrine.  Plaintiffs then moved to enforce the subpoena.

This case presents a novel twist on a problem that has long troubled courts: the expert who simultaneously wears a consultant's hat and a testifier's hat.  See Oklahoma v. Tyson Foods, Inc., No. 05-329, 2009 WL 1578937 (N.D. Okla. June 2, 2009), and the cases discussed therein.  What makes this a case of first impression is that Cornerstone has assigned the testifier's hat to Dr. Keeley and the consultant's hat to everyone else at Cornerstone who worked on the Wyndham matter. What defeats Cornerstone's argument is that it failed to segregate the consulting and testifying tasks, and instead allowed many, perhaps even all, of the Cornerstone staff who worked on the Wyndham matter to assist in preparing Dr. Keeley's report.  In doing so, Cornerstone waived whatever work-product protection may have attached to the papers of its consulting staff, as the documents of these staff members became part of the testifying expert's report.

Any information that is "considered by, presented to, or relied upon by a testifying expert" is subject to disclosure. SEC v. Reyes, No. 06-04435, 2007 WL 963422, 2007 LEXIS 27767, at *5 n.1 (N.D. Cal. Mar. 30, 2007). Moreover, "[a]ny type of privileged material . . . prepared by a non-testifying expert, lose [sic] their privileged status when disclosed to, and considered, by a testifying expert." Johnson v. Gmeinder, 191 F.R.D. 638, 647 (D. Kan. 2000). Here, the consulting staff members helped prepare Dr. Keeley's report; accordingly, production should include any information considered or rejected by them. Eliasen v. Hamilton, 111 F.R.D. 396, 400 n.5 (N.D. Ill. 1986) (discovery extends to documents "considered but rejected by the testifying expert in reaching opinions . . . .").

This does not mean that Cornerstone must produce all of its records. For example, documents from staff members who provided consulting services but who were not involved in the preparation of Dr. Keeley's report, retain their work product protection. Bro-Tech Corp. v. Thermax Inc., No. 05-2330, 2008 U.S. Dist. LEXIS 21233, 2008 WL 724627, at *2 (E.D. Pa. Mar. 17, 2008). Any ambiguities as to whether documents relate to Dr. Keeley's report should be resolved in favor of production. Tyson Foods, Inc., 2009 WL 1578937 at *5.

In accordance with the foregoing, **IT IS ORDERED** that Cornerstone shall, by **July 20, 2009**:

1. Produce to Plaintiffs all documents responsive to the May 13, 2009 subpoena from all Cornerstone staff who assisted in the preparation of Dr. Keeley's report regardless of

3

whether any document was reviewed, considered or relied upon by Dr. Keeley.

    2.   File and serve a declaration from an officer of Cornerstone attesting that a full and complete search for documents responsive to the May 13, 2009 subpoena has been completed, and that all documents required by this Order to be produced have been produced to plaintiffs.

Dated: July 6, 2009

                                Bernard Zimmerman
                                United States Magistrate Judge

g:\bzall\-refs\Wixon v. Trendwest\Order To Enforce Subpoena.Final Version.wpd

4