SCHIFF HARDIN LLP
Stephen M. Hankins (CSB #154886)
Jeffrey V. Commisso (CSB #191267)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

TROUTMAN SANDERS LLP[1]
J. Kirk Quillian
A. William Loeffler
William M. Droze
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

Attorneys for Defendant
WYNDHAM RESORT DEVELOPMENT CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE and REBECCA WIXON and NORMAN and BARBARA WIXON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDHAM RESORT DEVELOPMENT CORP. (f/k/a Trendwest Resorts, Inc.), GENE HENSLEY, DAVID HERRICK, JOHN HENLEY, PEGGY FRY, and JOHN McCONNELL, and nominally, WORLDMARK, THE CLUB,<br><br>Defendants. | Case No. C 07-02361 JSW<br><br>**STIPULATION REGARDING SUPPLEMENTAL AND FURTHER PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**<br><br>CLASS AND DERIVATIVE ACTION |

---

[1] Admitted *pro hac vice*.

Plaintiffs and Defendant Wyndham Resort Development Corp. ("Wyndham") have reached an agreement regarding the search, collection and production of responsive hard copy documents and Electronically Stored Information ("ESI") in Wyndham's possession, custody or control to facilitate the exchange of discoverable information within the time limits specified by this Court's Order Scheduling Trial and Pretrial Matters dated August 31, 2009 (Dkt. No. 412). The terms of the parties' agreement are set forth below:

### A. Wyndham's Supplemental Productions

1. <u>Hard Copy Productions</u>: Wyndham will supplement its production of responsive, non-privileged hard copy documents collected through January 1, 2010 by February 17, 2010. For ease of production, Wyndham agrees to provide its supplemental hard copy document productions in single page .tif format on CD, external hard drive or similar media.

2. <u>ESI Productions</u>:

a. Agreed Search Term Protocol:

Wyndham agrees to search for responsive ESI in its possession, custody or control using mutually agreed-upon search terms. These search terms are reflected in Jonathan Levine's August 8, 2008, letter to William Loeffler, and are set forth below:

> appoint! AND board
> appoint! AND director
> by law
> board, board of directors, director, worldmark board
> board membership, worldmark board membership
> bonus time
> Class action

compushare
credit dilution
credit value
decl! of vacation ownership
developer AND vote
don harrill
dues AND increase
dues AND raise
elect!
fax credit
first come first served
fun time
gene hensley
govern! document
housekeeping fees AND increase
Housekeeping Fees AND raise
injunction
john henley
john mcconnell
john walker
manag! agreement
marci tribe
membership register
michael moyer
owner understanding
owners forum
party weekend
philip abdouch
privileges AND travelshare
proxy
proxies
transferability
travelshare
relative use
relative use value
resale
resale market
reservation guideline
reservation rule
secondary market
TEN agreement
william peare
worldmark owners community
wyndham AND vote
vot!

b. <u>Supplemental ESI Productions:</u>

Wyndham agrees to supplement its prior ESI productions for ESI created up through and until September 19, 2009, that has been or will be, collected from the following Wyndham custodians previously identified in Elizabeth Pritzker's January 13, 2009 letter to William Droze:

Aardal, Stephanie
Betancourt, Sylvia
Beutel, Kristin
Bott, Andy
Crane, Stephanie
Darone, John
Dost, Terri
Franke, Deborah
Fry, Peggy
Gallagher, Christine
Grey, Scott
Groeninger, Tom
Henley, John
Herrick, Dave
Johnson, Tom C
Litwack, Alan
Lyon, Dorothy
McClung, Scott
Natale, Ken
Noritake, Wendy
Peacock, Kristen
Richards, Geoff
Rimmasch, Kim
Smith, Michael
Staniewicz, Patty
Wilson, Donna

The collection of ESI for these individual custodians will include ESI collected by Wyndham since its prior collection for each custodian, with two exceptions. With respect to Stephanie Crane and John Darone, Wyndham will supplement its prior production with ESI from January 1,

2002, through September 19, 2009. Wyndham will manually review potentially privileged ESI for Stephanie Crane and John Darone which precedes the filing of the Complaint for privilege, and provide a privilege log identifying documents that have been withheld from production based on an assertion of privilege.

Wyndham further agrees to supplement its prior ESI productions for ESI maintained on the following non-custodial shared drives:

- http://usflemv1.wst.corproot.com/CEM1/uicommander?req=cem.userMaintenance.cemLoginStart
- http://webconnect.corproot.com/sites/stratops/TSPRI/default.aspx
- http://webconnect.corproot.com/sites/twpit/Projects/Forms/AllItems.aspx
- \\usflfsc0\resort_development$\office records\business development group\presentations-approval requests
- \\usflfsc0\resort_development$\\Office Records\Business Development Group\M&A\UMBRELLA.

For ESI generated after the commencement of the litigation, Wyndham will not be required to conduct a manual review of such ESI and in lieu of a privilege log, Wyndham will cause its ESI vendor to generate and produce an electronic index of all ESI that includes a privilege term specified in Wyndham's automated privilege screen. To assist Plaintiffs' counsel in assessing the basis for withholding any ESI captured in Wyndham's automated privilege screen, Wyndham shall provide Plaintiffs' counsel with an "Attorneys'-Eyes Only" listing of the privilege terms used by the automated privilege screen.

By **February 8, 2010,** Wyndham shall produce:

1) the search-term positive supplemental ESI obtained for all custodians (except Crane and Darone) identified in subparagraph A.2.b., above, that does not contain a privilege term;

2) the search-term positive ESI that does not contain a privilege term obtained for Crane and Darone;

3) an electronic index of all post-filing ESI for the custodians listed in this subparagraph (except Crane and Darone) that is captured by Wyndham's automated privilege screen; and

4) an "Attorneys'-Eyes Only" listing of the privilege terms used by Wyndham's automated privilege screen.

B.  **Wyndham's New Custodial ESI Searches/Productions**

Using the search terms described in subparagraph A.2.a., Wyndham will search for and produce responsive ESI from the following additional custodians, according to the terms described below:

Akins, Dave
Brandt, Erik
Darcy, Wendy
Folk, Richard (Rich)
Kumma, Tom
Lewis, Cris
Maino, Cecile
Miner, Steve
Moran, Tim
Murphy, Kelly
Ross, Cindy

By **January 22, 2010**, Wyndham shall produce all search-term positive ESI collected as of December 9, 2009 for the custodians identified in this paragraph that does not contain a privilege term.

By **February 17, 2010**, Wyndham shall produce all search-term positive ESI created as of September 19, 2009 and collected after December 9, 2009 for the custodians identified in this paragraph that does not contain a privilege term.

By **February 17, 2010**, Wyndham will complete a manual review of all search-term positive ESI for the custodians identified in this paragraph that was created prior to the commencement of this action and that includes a includes a privilege term based upon Wyndham's automated privilege screen.

Wyndham will not be required to conduct a manual review of ESI created after the filing of this action, and in lieu of a privilege log, Wyndham will by **February 17, 2010** cause its ESI vendor to generate and produce to Plaintiffs' counsel based upon Wyndham's automated privilege screen an electronic index of all search-term positive ESI for the custodians identified in this paragraph (and Crane and Darone from subparagraph A.2.b.).

On a rolling basis commencing no later than **February 27, 2010**, and at one week intervals thereafter, with a final production on **March 10, 2010**, Wyndham shall produce any pre-filing ESI initially captured in its automated privilege screen that Wyndham, in the exercise of good faith, determines not to be privileged after a manual review.

By **March 10, 2010**, Wyndham shall provide a privilege log identifying all pre-filing ESI for the custodians identified in this paragraph that was withheld

from production based on an assertion of privilege (and Crane and Darone from subparagraph A.2.b.).

C.  **Schedule for Supplemental Responses by Plaintiffs**

By **March 18, 2010**, Plaintiffs shall serve supplemental responses, if any, to such interrogatories as Plaintiffs, in the exercise of good faith, reasonably believe to be appropriate in light of the further and supplemental production of documents and ESI by Wyndham described in this stipulation.

D.  **Extension of Time To Supplement Discovery Responses or Challenge Privilege Claims**

Subject to Court approval of this stipulation, Plaintiffs shall have until **April 9, 2010** to file any legal challenge to privilege claims asserted by Wyndham as part of the automated privilege screen indices described in this stipulation, or to privilege claims set forth in the privilege logs provided for in paragraphs A and B of this stipulation.

Subject to Court approval of this stipulation, Plaintiffs and Wyndham shall each have until **April 9, 2010** to move to compel further or supplemental responses, or to move to compel the production of responsive documents or ESI.

E.  **Format of the Wyndham's ESI Production**

Wyndham will produce ESI in native format without .tif image files (except where .tif images may be necessary for redacted documents), with the understanding that such format does not allow for the Bates numbering of individual pages or the labeling of specific pages as confidential. Wyndham's

ESI vendor will include a Bates number metadata field for the ESI production consistent with prior productions.

F. **Clawback Agreement**

All ESI productions will be governed by the existing Stipulated Order Supplementing Protective Order Regarding Privileged Documents in Discovery dated January 28, 2009 (Dkt No. 206).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 6, 2010           /s/ William M. Droze
                                 Attorneys for Defendant
                                 Wyndham Resort Development
                                 Corporation

SCHIFF HARDIN LLP
Stephen M. Hankins (CSB #154886)
Jeffrey V. Commisso (CSB #191267)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:    (415) 901-8701

TROUTMAN SANDERS, LLP
J. Kirk Quillian
A. William Loeffler
William M. Droze
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile:  (404) 885-3900

DATED: January 6, 2010                    /s/ Elizabeth C. Pritzker
                                          Attorneys for Plaintiffs
                                          and the Class


GIRARD GIBBS LLP
Jonathan K. Levine (CSB # 220289)
Elizabeth C. Pritzker (CSB # 146267)
601 California Street
San Francisco, CA 94108
Telephone:    (415) 981-4800
Facsimile:    (415) 981-4846




PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 8, 2010                    _____
                                          HON. BERNARD ZIMMERMAN
                                          United States Magistrate Judge