United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al., | No. C07-02361 JSW |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT** |
| v. | |
| WYNDHAM RESORT DEVELOPMENT CORP., et al., | |
| Defendants. | |

Now before the Court for consideration is Plaintiffs' Motion for Leave to File Fifth Amended Complaint. The Court finds this matter suitable for disposition without oral argument and HEREBY VACATES the hearing set for February 5, 2010. *See* Civ. L.R. 7-1(b). Having carefully considered the parties' papers, the record in this case, and relevant legal authority, the Court GRANTS Plaintiffs' motion to amend for leave to file the proposed Fifth Amended Complaint.

**BACKGROUND**

On April 2, 2007, Plaintiffs filed the original complaint in this action in San Mateo County Superior Court, naming Defendant Wyndham Resort Development Corp. ("WRDC") and Does 1-50 as Defendants. WRDC answered the complaint and removed the case to this Court on May 1, 2007.

On September 14, 2007, Plaintiffs moved to file an amended complaint to add additional allegations against WRDC and to name certain WorldMark directors as defendants (the

1  "Director Defendants"). The claims against the Director Defendants were premised on alleged
2  breaches of fiduciary duties. On October 22, 2007, the Court granted that motion. Thereafter
3  the parties engaged in extensive motion practice regarding the sufficiency of Plaintiffs'
4  allegations, including a dispute over whether Plaintiffs' claims against the Director Defendants
5  were derivative. The Court concluded that they were, and Plaintiffs filed a Third Amended
6  Complaint. Thereafter, the Court denied the Director Defendants' motion to dismiss the Third
7  Amended Complaint and found that Plaintiffs had alleged demand futility. The matter was then
8  at issue, and the parties engaged in a discovery practice that they litigated as vigorously as they
9  had litigated the sufficiency of the pleadings.

10 On April 24, 2009, Plaintiffs moved for class certification and simultaneously filed a motion for leave to file a Fourth Amended Complaint, for the purpose of conforming the class definition to the class definition proposed in the motion. The Court granted that motion on October 19, 2009. However, in that Order, the Court also determined that Plaintiffs were not adequate representatives to pursue the derivative claims. Accordingly, the Court also granted, in part, the Director Defendants' motion to dismiss. Plaintiffs now seek to leave to amend to include an additional plaintiff, Kandice Scattlon. Plaintiffs contend Ms. Scattlon is an adequate representative to pursue the derivative claims. Plaintiffs also represent that, if the Court grants this motion, Ms. Scattlon will respond to all outstanding discovery within two weeks and will make herself available for a deposition shortly thereafter. Defendants oppose Plaintiffs' motion.

**ANALYSIS**

**A. Legal Standard Applicable to Motions to Amend**.

Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend their complaint, after a responsive pleading has been served, by leave of court or by consent of the adverse party. Rule 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a). The Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered to determine whether a motion for leave to file an amended

2

complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and futility of amendment.[1] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). While these "factors are usually used as criteria to determine the propriety of a motion for leave to amend ... the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

**B.     Plaintiffs Shall Be Given Leave to Amend.**

Defendants' primary argument in opposition to the motion is that Plaintiffs unduly delayed in seeking to amend the complaint to include Ms. Scattlon. Defendants also assert that in light of the impending discovery deadlines they will be prejudiced. A moving party may be precluded from asserting an amendment on the basis of undue delay where the matters asserted in the amendment were known to them from the beginning of the suit. *See Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31 months after the answer was filed, the trial court did not abuse its discretion in denying leave to amend).

Defendants argue that Plaintiffs have known since at least October 24, 2008 that the Director Defendants intended to challenge their adequacy to pursue the derivative claims and, thus, should have sought leave to amend to correct the alleged deficiencies before this late date. The Court agrees that the proposed amendment is coming at a late stage in this litigation. However, the Court cannot say that the Plaintiffs' arguments in opposition to the Director Defendants' motion to dismiss were frivolous. Thus, although it might have been prudent for Plaintiffs to have sought out additional representatives on the derivative claims before now, the Court shall not fault Plaintiffs for not doing so. Nor can the Court find that Plaintiffs' unduly delayed in bringing the motion.

Even if the Court concluded that Plaintiffs unduly delayed, "[u]ndue delay by itself is insufficient to justify denying a motion to amend." *Bowles v. Reade,* 198 F.3d 752, 757-58 (9th

---

[1] Defendants do not assert that Plaintiffs have acted in bad faith, and the Court concludes that the record does not support a finding that the Plaintiffs have acted with a wrongful motive in seeking leave to amend. *See DCD Programs*, 833 F.2d at 187. Accordingly, this factor weighs in favor of granting the motion.

3

Cir. 1999). Accordingly, the Court must examine whether Defendants have shown they will be prejudiced by the amendment or whether amendment would be futile. The Court concludes Defendants have not made such a showing.

With respect to futility, Plaintiffs do not seek to challenge the validity of any past election. Rather, they contend that the Director Defendants have engaged in manipulation of election practices, and Plaintiffs seek to enjoin those practices in the future. Thus, the Court does not find the Director Defendants' arguments regarding the statute of limitations to be persuasive.

The Court also concludes that Defendants have not demonstrated they will be prejudiced by the amendment. Plaintiffs do not seek to add new claims. Rather, they seek only to pursue claims that have been at issue from an early stage in this litigation. Thus, this is not a situation where Plaintiffs are injecting a new theory of liability late in the game. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (undue delay was prejudicial where new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense).

The Ninth Circuit has held that undue delay may result in prejudice when a motion for leave to amend is made on the eve of the discovery deadline, which would have required reopening discovery, or when an amendment is asserted at a late stage of the action and would inevitably lead to a delay in the trial and further expense to the opposing party. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (citations omitted); *see also McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1998) (where plaintiffs waited more than 6 months after the original complaint was filed and until after the original trial date had been vacated to attempt to amend the complaint, delay was undue, and leave to amend was properly denied).

Defendants do not suggest that granting leave to amend would require them to reopen discovery on the election related claims. Rather, the parties have been producing discovery on those claims. In addition, Plaintiffs represent that Ms. Scattlon will respond to all outstanding

4

discovery within two weeks and will make herself available for a deposition. The Court shall hold Plaintiffs to these representations. The Director Defendants also contend that they cannot respond to all outstanding discovery and file a responsive pleading within fourteen days, pursuant to Federal Rule of Civil Procedure 15(a)(3). However, Rule 15(a)(3) permits the Court to alter the deadline by which a responsive pleading is required, and the Court shall do so. Finally, the Court notes that there is ample time prior to trial for Defendants to raise any challenges to Ms. Scattlon's adequacy as a representative Plaintiff on the derivative claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file the Fifth Amended Complaint. The Court ORDERS Plaintiffs to file and serve the Fifth Amended Complaint by no later than February 1, 2010. Ms. Scattlon shall respond to all outstanding written discovery requests by no later than February 10, 2010, and shall make herself available for a deposition by no later than March 1, 2010. If the parties are unable to schedule Ms. Scattlon's deposition by that date, due to their current deposition schedule, they may seek leave to extend that deadline. Defendants shall file their responsive pleadings to the Fifth Amended Complaint by no later than March 5, 2010.

**IT IS SO ORDERED.**

Dated: January 27, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE