IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WYNDHAM RESORT DEVELOPMENT CORPORATION, et al.,<br><br>    Defendants. | No. C 07-02361 JSW<br><br>**ORDER RESOLVING DISPUTES RE FORM OF AND METHOD OF DISTRIBUTION OF CLASS NOTICE** |

The Court has received and considered the parties' Joint Status Report regarding their disputes over the form of Class Notice and the proposed methods of distribution, and the Court sets forth its ruling on the disputes in the remainder of this Order.

**1.  Form of Notice.**

When the Court resolved Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, the Court considered, and rejected, Wyndham's argument regarding the alleged ambiguities in Plaintiffs' Class Definition. The Court shall not revisit that issue. Accordingly, the Class Notice shall use the definition of the class set forth in Plaintiffs' proposed form of notice. The Court shall allow Wyndham to include the language "Wyndham does not believe the lawsuit should proceed as a class action and will seek to have the Court change its decision," as set forth on page 1 of the Proposed Notice. (Joint Report, Ex. C at p. 1.) However, that language should be included only in the section of the Notice setting forth Wyndham's position.

In the section of the Notice captioned "Why did I get this notice," Wyndham correctly notes that the words "you are" have been omitted and those words shall be included. (*See* Joint Report, Ex. C at p. 2.)

In the "Basic Information" section, the Court concludes that the heading with respect to Plaintiffs' position should be identical to the heading regarding Wyndham's position. Accordingly, that heading shall read "What is Plaintiffs' position?" Wyndham's proposed revisions to the remainder of the paragraphs discussing Plaintiffs' position are rejected. Accordingly, all references to "the relative use provision of the governing documents" may remain in the notice.

**2.     Dissemination of Class Notice.**

When a court certifies a class under Federal Rule of Civil Procedure 23(b), Rule 23(c)(2) requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Court concurs with Wynhdam that a separate notice sent via first class mail, rather than including notice in the *Destinations* magazine, is appropriate. Although Wyndham may have included inserts in *Destination* magazine regarding election related matters, Plaintiffs do not suggest such inserts were sent to a subset of the WorldMark membership. Here, the class in this case does not consist of all WorldMark members.

Moreover, while other courts have permitted notice by inserts in monthly mailings, none of the cases cited by Plaintiffs involved including an insert in a magazine, and the Court finds that it would be overly burdensome for Wyndham to include a special insert in a subset of the *Destination* mailings. The Court also concludes that in light of the fact that the WorldMark website is available to all members, Wyndham should not be required to post notice on the website.

The Court shall not preclude Plaintiffs from posting the Class Notice on Girard Gibbs website. The Court shall not require notice via electronic mail at this time. If circumstances develop that cause Plaintiffs to believe that notice via first class mail is underinclusive, they may seek to have the Court revisit whether notice via electronic mail would be appropriate.

**3.     Cost of Notice.**

Plaintiffs urge the Court to impose the cost of mailing notice upon Wyndham, however they offer no authority or facts that would justify shifting the costs of notice to Wyndham. Accordingly, Plaintiffs shall bear all costs associated with providing notice to the Class.

**4.     Exclusion Date**.

The parties agree on the proposed exclusion date, and the Court finds that date to be reasonable. Accordingly, the proposed exclusion date shall be July 30, 2010.

**IT IS SO ORDERED.**

Dated: May 12, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE