Jonathan K. Levine (State Bar No. 220289)
  jkl@girardgibbs.com
Elizabeth C. Pritzker (State Bar No. 146267)
  ecp@girardgibbs.com
Todd I. Espinosa (State Bar No. 209591)
  tie@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Class Counsel and
Attorneys for Plaintiffs Clarke and Rebecca Wixon,
Norman and Barbara Wixon, and Kandice Scattolon

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK and REBECCA WIXON, NORMAN and BARBARA WIXON, and KANDICE SCATTOLON, derivatively and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDHAM RESORT DEVELOPMENT CORP. (f/k/a Trendwest Resorts, Inc.), GENE HENSLEY, DAVID HERRICK, JOHN HENLEY, PEGGY FRY, AND JOHN MCCONNELL, and nominally, WORLDMARK, THE CLUB,<br><br>Defendants. | Case No. C 07-2361 JSW (BZ)<br><br>**[PROPOSED] ORDER (1) APPROVING FORM OF NOTICE, (2) DIRECTING THAT NOTICE BE ISSUED, AND (3) SETTING DATE FOR APPROVAL HEARING ON PROPOSED SETTLEMENT BETWEEN PLAINTIFFS AND DIRECTOR DEFENDANTS AS MODIFIED HEREIN**<br>**Class and Derivative Action** |

    Plaintiffs Clarke and Rebecca Wixon, Norman and Barbara Wixon, and Kandice Scattolon ("Plaintiffs"), on behalf of nominal Defendant WorldMark, the Club ("WorldMark"), and Defendants Gene Hensley, David Herrick, John Henley, Peggy Fry and John McConnell (collectively, "Director Defendants"), have entered into a Settlement Agreement and Release (the "Settlement Agreement"), dated July 1, 2010, which, if approved, will resolve in full the derivative claims asserted by Plaintiffs in this litigation against the Director Defendants (the "Settlement").

    Having read and considered the Settlement Agreement and all exhibits thereto, including the proposed Notice of Settlement, and being familiar with the files and records in this case, the Court finds there is sufficient basis to (1) approve the form of the proposed Notice, **as modified by the Court** (2) direct that Notice be issued to WorldMark members, and (3) set a hearing to determine whether the Settlement should be approved.

    Accordingly, the Court hereby finds and rules as follows:

(1) The proposed form of Notice and means to deliver the Notice to all WorldMark members constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The form of and procedures for disseminating Notice of the proposed Settlement to WorldMark members set forth in the Settlement Agreement is approved **as modified herein.**

    (a) Within ten business days after entry of this Order, the Notice of Settlement, substantially in the form attached hereto as **Exhibit 1**, shall be sent by U.S. mail, bulk rate postage, to all WorldMark members. **The parties are HEREBY ORDERED to modify the proposed notice at Section 5.K to reflect that the settlement payment is subject to approval by the Court.**

    (b) Within five business days after entry of this Order, the Notice of Settlement, **as modified the Court** ~~substantially in the form attached hereto as **Exhibit 1**~~, shall be posted in a clear and prominent manner in a location accessible only to WorldMark members on the WorldMark by Wyndham website (www.worldmarktheclub.com). On WorldMark's home page, Members will be instructed how to access the Notice of Settlement and be linked to the sign-in page. The Notice of Settlement shall remain on the WorldMark by Wyndham website through the date of the Approval Hearing.

    (c) Within five business days after of this Order, Plaintiffs' counsel shall post in a clear and prominent manner the Notice of Settlement, **as modified by the Court** ~~substantially in the form attached hereto as **Exhibit 1**~~, on their firm websites (www.girardgibbs.com and www.ghlawoffice.com). The Notice of Settlement

1

[~~PROPOSED~~] ORDER (1) APPROVING FORM OF NOTICE, (2) DIRECTING THAT NOTICE BE ISSUED, AND (3) SETTING DATE FOR APRROVAL HEARING ON PROPOSED SETTLEMENT BETWEEEN PLAINTIFFS AND THE DIRECTOR DEFENDANTS
CASE NO. C 07 2361 JSW (BZ)

1 shall remain on the WorldMark by Wyndham website through the date of the Approval Hearing.

2       (d) To the extent permitted, the first publication of *Insider* e-magazine after this Notice Order is issued will contain a notation advising Members that Notice of Settlement may be found on WorldMark's website and providing the web address for the Notice.

      (e) Not later than five days before the Approval Hearing, Counsel for Plaintiffs and Director Defendants each shall file a sworn declaration attesting that the Notice of Settlement was disseminated to WorldMark members in a manner consistent with the terms of the Settlement Agreement and as ordered by this Court.

    (2) A hearing to determine final approval of the Settlement Agreement (the "Approval Hearing"), shall be held at **9:00 a.m. on September 10, 2010** ~~at _____ on August 27, 2010~~, before the undersigned in Courtroom 11 of the United States District Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. At the Approval Hearing, the Court will consider whether the Settlement should be approved as fair, reasonable and adequate; and whether a final order and judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered.

      (a) Counsel for Plaintiffs and Director Defendants may file memoranda, declarations, or other statements and/or materials in support of the request for Settlement approval no later than ~~July 23, 2010~~. **July 30, 2010.**

      (b) Any WorldMark member who intends to object to or comment on final approval of the Settlement Agreement must, on or before **August 27, 2010** ~~August 10, 2010~~, file any such objection or comment with the Court, and provide copies of the objection or comment to: (1) Girard Gibbs LLP, c/o Jonathan K. Levine, 601 California Street, 14th Floor, San Francisco, CA 94108; and (2) K&L Gates LLP, c/o Matthew Ball, 4 Embarcadero Center, Suite 1200, San Francisco, CA 94111. Each filed statement must include the WorldMark member's name, address, telephone number, WorldMark account number, signature, and a description of the person's objection or comments related to the Settlement Agreement. Additionally, if the WorldMark member intends to appear in person or through counsel at the Approval Hearing, the filed statement must so state.

      (c) To appeal from any provision of the order approving the Settlement as fair, reasonable, and adequate, a WorldMark member must file a timely written objection and appear in

1  person or through counsel at the Approval Hearing, or seek leave of Court excusing such appearance
2  prior to the Approval Hearing.

3       (d)  No later than ~~August 13, 2010~~ **September 3, 2010**, Plaintiffs and Director Defendants may file any
4  reply in support of final approval of the Settlement Agreement.

5      The Court reserves the right to continue the date of the Approval Hearing and related deadlines.
6  In that event, the revised hearing date and/or deadlines shall be posted on the settlement websites
7  referred to in the Notice, and the parties shall not be required to re-send or re-publish notice.

10  DATED: July 2, 2010

                         /s/ Jeffrey S. White
                         The Honorable Jeffrey S. White
                         UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clarke and Rebecca Wixon *et al.*, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>   v.<br>Wyndham Resort Development Corp. (f/k/a Trendwest Resorts, Inc.), Gene Hensley, David Herrick, John Henley, Peggy Fry and John McConnell, and nominally, WorldMark, The Club,<br><br>              Defendants. | Case No. C 07-02361 JSW (BZ)<br><br>**NOTICE OF PENDENCY OF SETTLEMENT OF DERIVATIVE ACTION** |

**TO: ALL OWNERS OF WORLDMARK, THE CLUB**
**THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A LAWSUIT AGAINST CERTAIN WORLDMARK DIRECTORS. PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

1. **PURPOSE OF THIS NOTICE.** This notice is being sent at the direction of the United States District Court, Northern District of California ("Court") to all persons who own WorldMark, The Club ("WorldMark") Vacation Credits, to inform you about a proposed settlement ("Settlement") of litigation involving WorldMark and certain WorldMark directors. If approved by the Court, the Settlement would fully, finally and forever resolve the litigation on the terms and conditions summarized in this notice.

2. **THE SETTLEMENT APPROVAL HEARING IS AUGUST \_\_, 2010.** The Court will hold a settlement approval hearing on **August \_, 2010 at \_\_ \_.m**. before the Honorable Jeffrey S. White, at the U.S. District Courthouse, 450 Golden Gate Avenue, 19th Floor, Courtroom 11, San Francisco, California 94102. You have an opportunity to comment on the Settlement and to be heard at this hearing. The Settlement is described in paragraph 5 of this notice. If you wish to comment or appear at the hearing, you must follow the procedures described in paragraph 6 on page 4 of this notice.

3. **LITIGATION OVERVIEW.** In 2007, five WorldMark Owners ("Plaintiffs") filed a derivative lawsuit, U.S. District Court Case No. C-07-02361 JSW (BZ), on behalf of WorldMark and all other Owners, against former and current WorldMark directors Gene Hensley, David Herrick, John Henley, Peggy Fry and John McConnell, alleging that, as a majority of WorldMark's Board, these directors breached their fiduciary duties to WorldMark and to Owners by taking actions that benefit the developer, Wyndham Resort Development Corporation ("Wyndham") rather than Owners, and taking actions or enacting policies that affect WorldMark elections and inhibit member communications. If approved by the Court, the Settlement will fully resolve this lawsuit and partially resolve another lawsuit, *WorldMark v. Miller*, Sacramento County Case No. No. 34-2008-00025130-CU-PT-GDS, filed in 2008 by WorldMark in California state court to prevent distribution of WorldMark's member register and owner email addresses.

    The Settlement does <u>not</u> affect or resolve a pending class action lawsuit against Wyndham, which also is proceeding as U.S. District Court Case No. C-07-02361 JSW (BZ). In the event the class action against Wyndham is resolved by settlement or by other means, a separate notice will be sent.

4. **THERE HAS BEEN NO FINDING OF WRONGDOING OR LITIGATION SUCCESS.** The Court has <u>not</u> decided the merits of the claims or defenses in the litigation. This notice does not, and is not intended to, imply that there have been or would be any findings of violation of law by any individual director. The WorldMark directors named in the litigation deny all liability or wrongdoing alleged in the litigation. They believe the Settlement is desirable to avoid the substantial expense, burden, risk, distraction, and uncertainty of protracted litigation. All parties believe the Settlement confers substantial benefits and is in the best interests of WorldMark and Owners.

5. **THE SETTLEMENT.** The terms and conditions of the proposed Settlement are set forth in the parties' Settlement Agreement and Release, which has been filed with the Court. The following description of the terms of the proposed Settlement is a summary only. While some of the stated terms have been standard practice, the filing and prosecution of the litigation was a substantial and material causal factor underlying the decision to implement other of the following practices:

   A. *Appointment of Nonaffiliated Director.* One WorldMark director will resign from the WorldMark Board before the 2010 election, assuming the Settlement is approved in time to permit implementation on this schedule. WorldMark and its directors will fill the vacancy by appointing a "nonaffiliated" Owner. For purposes of the Settlement, "nonaffiliated" means an Owner who is not now and never was employed by a Wyndham entity, who is not related to any WorldMark director, and who will not receive during his/her term any consideration, compensation, or other financial benefit from WorldMark, any WorldMark director, or a Wyndham entity (except as permitted under §§ 4.1(c)(ii) and 4.5(h) of the WorldMark By-Laws). This appointment will be for a normal term, and the appointed person will not have to stand for election at the 2010 annual owner meeting. Immediately after the appointment, the WorldMark Board will consist of three affiliated directors and two nonaffiliated directors.

   The WorldMark Board will use the following criteria to help it identify qualified candidates to fill this vacancy: (1) Whether the person is current on all financial obligations to WorldMark; (2) Whether the person has been an Owner and user of WorldMark's facilities and services for at least three years; (3) Whether the person has experience with Wyndham exchange programs or other timeshare products; (4) Whether the person has prior business experience or experience serving on a nonprofit or corporate board; (5) What value the person would add to the Board based on his or her professional, educational, or personal expertise and experiences; and (6) Whether the person has flexibility to attend quarterly meetings. As an initial pool of candidates, the WorldMark Board will consider nonaffiliated Owners who have run for election to the Board or participated on the Advisory or Nominations Committees for any of the past three years (2007 - 2009), as well as any other qualified nonaffiliated Owner who requests consideration. If you wish to be considered to fill the vacancy created by this settlement, send a one-page letter of interest describing your qualifications, **postmarked by July 30, 2010**, to Stephanie Aardal, WorldMark, The Club, 9805 Willows Road, Redmond, WA 98052.

   B. *Disclosures Concerning Board Candidates.* Assuming the Settlement is approved in time for implementation, beginning in the 2010 election. Board candidates will be listed in alphabetical order by last name on ballots and candidacy statements. Candidates must disclose to the Board and on their candidacy statements: (1) any past or present affiliation with any Wyndham entity; (2) whether the person is a competitor of any Wyndham entity; and (3) whether the person ever has advertised to trade, rent, or sell or has traded, rent or sold Wyndham timeshare products or WorldMark vacations, vacation credits, or housekeeping tokens for profit or income.

   C. *Proxy-Related Practices.* The following language will be removed from proxy instructions or proxy documents used for elections: "I acknowledge and agree that the Board of WorldMark will be appointed my proxy if I did not designate an individual owner to act as my proxy." Blank proxy documents that do not exercise a vote or identify the Owner's valid proxy designee will not be counted in tabulating votes.

   D. *WorldMark's Retention and Use of Outside Counsel.* WorldMark will post on its website a statement describing how the Board uses its outside legal counsel and general guidelines for that counsel, substantially as described below. The Governing Documents state that the business and affairs of WorldMark shall be exercised or controlled by its Board of Directors. The Board uses its independent judgment to govern WorldMark's affairs, and it may retain an independent law firm or attorney to advise it. Outside counsel provides legal advice on corporate governance matters and election issues, among other things, and may provide advice on transactional, management, and related matters. Currently, Paul Draper, Law Offices of Paul Draper, serves as outside counsel to WorldMark's Board of Directors. In selecting outside counsel, the Board shall ensure that its counsel is unaffiliated with the developer, Wyndham. Outside counsel shall not be a WorldMark Owner at the time of retention or have a financial or other interest in the Club or Wyndham. Outside counsel shall serve entirely at the discretion of the Board, and legal services rendered by outside counsel shall be paid for by WorldMark.

2

E. **Periodic Review of Management Agreement.** Within 90 days of Settlement approval, the WorldMark Board will create a subcommittee, consisting of two directors (at least one nonaffiliated) and outside counsel, to review the Management Agreement and recommend changes, if any. The committee will conduct this review process once every three years through at least three review cycles. Any committee recommendations accepted by the Board will be raised with the manager, and any resulting changes to the Management Agreement will be negotiated between the Board and the manager.

F. **Notice to WorldMark of Resort Development.** Board meeting minutes will reflect when Wyndham discusses with the Board in executive session future resort development. Board minutes will maintain the confidentiality of these discussions as necessary to protect Wyndham's competitive position with regard to real estate transactions or resort development.

G. **Election Website.** To facilitate Member-to-Member communication on election matters, WorldMark will establish an independent website that operates during each election cycle. The September publication of *Destinations* magazine and September and October publications of the *Insider* e-magazine, as permitted, will notify Members of the website, its web address (URL), and how to access the site. Members will be given a date by which they can submit statements or correspondence concerning the upcoming election, or Annual Owner Meeting for posting on the website and viewing by other members. Member submissions to the website must meet the following criteria: (1) only one submission per Member family; (2) no more than 250 words; (3) accurate with respect to WorldMark Bylaws, guidelines, and regulations; (4) not overtly slanderous or contain profanity or highly personal attacks, and (5) directly related to the upcoming election/owner meeting. Submissions that do not meet all criteria will be returned to the Member, noting the reason for its return. The Owner will have five business days to correct the deficiency and resubmit the statement. Outside counsel will have final and binding say as to whether a statement meets the stated criteria for posting. At the end of the Annual Owner Meeting the website will be taken down until the next election cycle. Through 2012, WorldMark, the Board, and Wyndham will use the website to post election-related advocacy statements, and may but are not required to use it thereafter, subject to the same deadlines and content criteria governing Owner statements. WorldMark may at any time use any and all other means available to it to communicate with Owners if the Board, after consulting outside counsel, believes it has a fiduciary duty to advocate a position to Owners in such fashion. The mailing house option provided by WorldMark Bylaws § 7.1(a) remains available to individual Owners, WorldMark, its Board, and Wyndham for direct mail communication with other Owners.

H. **Confidentiality of Owner Voting Records.** Consistent with current practice, WorldMark, its directors, and those acting on its behalf will not contact the election administrator during an election cycle to learn the voting records of particular Members or early voting results. WorldMark and those working on its behalf may interact with the election administrator to assist in the administration of elections or the tabulation of election results.

I. **Dismissal of Plaintiffs' State Case Claims.** If settlement is approved, Plaintiffs will dismiss all claims they assert against WorldMark in the California state litigation in which WorldMark has sought to prevent the distribution of the owner register and owner email addresses, *WorldMark v. Miller*, Sacramento County Case No. No. 34-2008-00025130-CU-PT-GDS. Claims related to Wyndham or WorldMark's claims related to the individual owner are not resolved by this settlement.

J. **Release of Claims.** If the Court approves the settlement, all current WorldMark Owners shall have fully, finally, and forever released all claims that have been or could have been alleged in the litigation or that arise out of, in connection with, or are related to the claims asserted in the litigation, including any unknown claims against the individual director defendants, their heirs, assigns, and other representatives. In addition, each director defendant shall have fully, finally, and forever released the Plaintiffs that brought the litigation, Plaintiffs' counsel, and WorldMark from any and all claims, including unknown claims, which any of them may have against Plaintiffs, Plaintiffs' counsel or WorldMark, that arise out of, in connection with, or relate to the claims asserted in the litigation. The Released Claims do not include any issues, claims, counterclaims, or cross-claims raised in pending litigation against Wyndham, the directors' insurer, or others not a party to the settlement agreement. For a fuller description of the claims being released, please see paragraphs 49-51 of the Stipulation for Settlement and Release, which is available for viewing at www.GirardGibbs.com/WorldMark-Director-Settlement.asp.

3

*K. Settlement Payment.* Plaintiffs and director defendants, with the consent of the insurer for director defendants subject to its reservation of rights, agree to a settlement payment in the amount of $1.8 million to satisfy Plaintiffs' attorneys' claim of attorneys' fees, expenses, and costs incurred in the litigation and all other monetary claims.

6. **THE SETTLEMENT HEARING AND YOUR RIGHT TO BE HEARD.** You do not need to attend the Settlement approval hearing, which will be held on **August __, 2010 at __:__ _.m** in San Francisco, California, unless you wish to address the Court or appeal the **S**ettlement's approval. You have the right to attend or comment on the Settlement if you want to.

If you wish to comment on the Settlement, you must submit your comment in writing. Your written comments must: (1) include a reference at the beginning to *Wixon v. Wyndham*, Case No. C 07-02361 JSW (BZ); (2) list your name, address, telephone number, and WorldMark Owner account number; (3) be signed by you; (4) explain your comment/objection; and (5) if you intend to appear at the hearing personally or through counsel, state on the first page of your submission "Intent to Appear at Hearing." Comments must be **received** by the Court and attorneys listed below **no later than August __, 2010**:

| *Clerk of the Court:* | *Plaintiffs' Counsel:* | *Director Defendants' Counsel:* |
|---|---|---|
| Clerk of the Court<br>U.S. District Court, Northern<br>   District of California<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | Jonathan Levine or Elizabeth Pritzker<br>Girard Gibbs LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>(415) 981-4800 | Matthew G. Ball<br>K & L Gates LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>(415) 882-8200 |

If you do not present your comments in writing in compliance with these procedures, your views will not be considered, you will not be permitted to address the Court, and you will waive your objections.

7. **MORE INFORMATION.** This notice only summarizes the lawsuit and the settlement. For more details, you may review the Settlement Agreement and Release, available online in Adobe Portable Document Format (pdf) at www.worldmarktheclub.com or www.GirardGibbs.com/WorldMark-Director-Settlement.asp. The Settlement Agreement and all other pleadings and papers filed in the lawsuit are available for inspection and copying during regular business hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like more information, you may contact Plaintiffs' counsel at the address and telephone number listed above, or by email to WorldMark-Director-Settlement@GirardGibbs.com.

> **PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.**

**DATED: JULY __, 2010**            **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**