Matthew G. Ball (SBN 208881)
Matthew.Ball@klgates.com
**K & L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Judith H. Ramseyer (admitted *pro hac vice*)
judy@ramseyerlaw.com
**LAW OFFICES OF JUDITH H. RAMSEYER PLLC**
2025 First Avenue, Suite 1130
Seattle, WA 98121
Telephone: (206) 728-6872
Facsimile: (206) 260-6689

Attorneys for Defendants
GENE HENSLEY, DAVID HERRICK,
JOHN HENLEY, PEGGY FRY, and
JOHN McCONNELL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clark and Rebecca Wixon, Norman and Barbara Wixon, and Kandice Scattolon, derivatively and on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>Wyndham Resort Development Corp. (f/k/a Trendwest Resorts, Inc.), Gene Hensley, David Herrick, John Henley, Peggy Fry, John McConnell, and nominally, WorldMark, The Club,<br><br>         Defendants. | Case No. C 07-2361 JSW<br><br>**STIPULATION AND ORDER CORRECTING NON-SUBSTANTIVE ERRORS AND SUBSTITUTING CORRECTED SETTLEMENT AGREEMENT AND RELEASE** AS MODIFIED HEREIN<br><br>Class and Derivative Action |

1   Plaintiffs Clarke and Rebecca Wixon, Norman and Barbara Wixon, and Kandice Scattolon, on behalf of themselves and derivatively ("Plaintiffs"), and Defendants Gene Hensley, David Herrick, Peggy Fry, John Henley, and John McConnell ("Director Defendants") (collectively, the "Parties"), hereby stipulate as follows and move jointly for entry of the attached Order.

Pursuant to ¶ 67 of the Settlement Agreement and Release reached between them and filed as Exhibit 1 to the Joint Application for Entry of Order (1) Approving Form of Notice, (2) Directing that Notice be Issued, and (3) Setting Date for Approval Hearing on Proposed Settlement Between Plaintiffs and Director Defendants (Dkt. 498), the Parties seek to correct two inadvertent, non-substantive typographical errors contained in the Settlement Agreement and Release. On page three of the Settlement Agreement and Release, line 2, the year "2009" should be corrected to read "2008." On page 18, line 6, the phrase "Released Parties" should read "Released Persons," a defined term in the Agreement.

Accordingly, the Parties ask that corrected pages three and eighteen, attached to this Stipulation and Order as Exhibit 1, be substituted as pages three and eighteen in the Settlement Agreement and Release filed as Exhibit 1 to the Joint Application filed on July 1, 2010, Docket #498. No other changes have been made to the Settlement Agreement and Release before the Court.

Dated: September 3, 2010.

Respectfully submitted,

GIRARD GIBBS LLP

By:  /s/ Jonathan K. Levine
    Jonathan K. Levine
    Elizabeth C. Pritzker

Attorneys for Individual and Representative Plaintiffs Clarke and Rebecca Wixon, Norman and Barbara Wixon, and Kandice Scattolon

---

1

**STIPULATION AND ORDER CORRECTING NON-SUBSTANTIVE ERRORS AND SUBSTITUTING CORRECTED SETTLEMENT AGREEMENT AND RELEASE**
**CASE NO.: C 07 2361 JSW**

1  Dated: September 3, 2010.

K&L GATES LLP
By: ___/s/ Matthew G. Ball_____
    Matthew G. Ball

LAW OFFICES OF
JUDITH H. RAMSEYER PLLC

    Judith H. Ramseyer

Attorneys for Defendants Gene Hensley, John Henley, David Herrick, Peggy Fry, and John McConnell

2

**STIPULATION AND ORDER CORRECTING NON-SUBSTANTIVE ERRORS AND SUBSTITUTING CORRECTED SETTLEMENT AGREEMENT AND RELEASE**
**CASE NO.: C 07 2361 JSW**

1
2                                    **ORDER**

3       PURSUANT TO STIPULATION, IT IS SO ORDERED. ~~The Clerk shall substitute corrected~~
4  ~~pages three and eighteen, attached hereto as Exhibit 1, for pages three and eighteen contained in the~~
5  ~~Settlement Agreement and Release submitted to the Court for approval on July 1, 2010, Exhibit 1 to~~
6  ~~Docket #498.~~  The parties shall submit a corrected and revised version of Exhibit 1 to Docket No. 498.
7
8
9  Dated:  September 9___, 2010.            _____
                                            Jeffrey S. White, United States District Judge
10
11
...
28
                                               3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**WHEREAS,** Plaintiffs associated with the law firm of Gersh & Helfrich, LLP, and filed a Third Amended Complaint, which on November 3, 2008, in response to Director Defendants' third motion to dismiss, the Court found alleged derivative claims with the requisite specificity to proceed.

**WHEREAS,** discovery, which had been ongoing between Plaintiffs and Wyndham since July 2007, commenced in December 2008 between Plaintiffs and Director Defendants and has continued since that time.

**WHEREAS,** on April 24, 2009, Plaintiffs Clarke and Rebecca Wixon and Norman and Barbara Wixon filed a motion for class certification with respect to the claims asserted against Wyndham and a motion for leave to file a Fourth Amended Complaint to amend the class definition, and Director Defendants moved pursuant to Fed. R. Civ. P. 23.1 to dismiss Plaintiffs Clarke and Rebecca Wixon and Norman and Barbara Wixon as representative plaintiffs in the derivative action.

**WHEREAS,** on October 19, 2009, the Court granted Plaintiffs' motion for leave to file a Fourth Amended Complaint, granted in part their motion for class certification with respect to the class claims asserted against Wyndham, and granted in part Director Defendants' motion to dismiss Plaintiffs as adequate representative plaintiffs in the derivative action.

**WHEREAS,** on January 27, 2010, the Court granted Plaintiffs' motion to file a Fifth Amended Complaint to add Plaintiff Kandice Scattolon as an additional representative plaintiff to cure the deficiency identified by Director Defendants' Rule 23.1 motion.

**WHEREAS,** on October 2, 2008, WorldMark commenced a proceeding entitled *WorldMark, The Club v. Robin Miller, et al.*, Case No. 24-2008-00025130-CU-PT-GDS, in the Superior Court of California for Sacramento County ("the State Case"). In that matter, WorldMark sought a protective order to prevent Mr. Miller and other WorldMark members from obtaining a copy of the WorldMark membership register and member email addresses. Plaintiffs Clarke and Rebecca Wixon and Norman and Barbara Wixon intervened in the State Case. Following intervention, the Sacramento Superior Court denied the requested protective order. The State Case is now pending in the California Court of Appeal, Third Appellate District.

**WHEREAS,** Plaintiffs and Director Defendants ("the Parties") have explored and discussed at length the factual and legal issues in the Action. These discussions were informed by substantial

3

## VII. MUTUAL RELEASE, DISMISSAL OF ACTION AND STATE CASE, AND JURISDICTION OF COURT

49. By this Settlement and Agreement, Plaintiffs, WorldMark, all past, present and future WorldMark Members, and Plaintiffs' Counsel ("Plaintiff Releasing Parties"), release WorldMark and all of its predecessors and successors, past present, and future officers, directors, employees, attorneys, representatives, and agents, and the Released Persons and each of them, from any and all claims or causes of action, known or unknown, that were or could have been asserted by Plaintiffs or any Member against Director Defendants, either directly as personal claims or derivatively on behalf of WorldMark, based on California or other state law or federal statute, ordinance, regulation, common law, or other source of law, arising out of or relating in any way to the Action or the State Case, or any of the transactions, facts, disclosures, acts, matters or occurrences, statements, representations or omissions, or failures to act that were alleged in the complaints filed in the Action, and the complaint in intervention filed in the State Case ("Released Claims"). Nothing in this Settlement Agreement shall release Wyndham from the class claims for breach of contract, breach of implied covenant of good faith and fair dealing, violation of the UCL, violation of VOTA, and declaratory relief asserted against Wyndham, and any claims or causes of action Plaintiffs have asserted against Wyndham, either individually or on behalf of the class that Plaintiffs represent, including any claims, counterclaims, or cross-claims asserted in the complaint in intervention filed by Plaintiffs against Wyndham, if any, in the State Case. Nothing in this Settlement Agreement releases any party from any claims, counterclaims, or cross-claims Respondent Miller has or may have arising from his demand for the WorldMark membership register and email addresses of WorldMark members, as is presently being litigated in the State Case. Released Claims do not include any liabilities, claims, rights, suits, or causes of action either Party may assert to enforce the terms of this Agreement.

50. Without assuming whether the Release given by this Settlement Agreement is a general release, Plaintiffs and Members shall be deemed to have expressly waived and, by operation of the Approval Order, waived to the fullest extent permitted by law the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows: