IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE AND REBECCA WIXON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WYNDAM RESORT DEVELOPMENT CO.<br>(f/k/a TRENDWEST RESORTS, INC.), et al.<br><br>Defendants.<br>_____/ | No. C 07-02361 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 3, 2010, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

Each party shall have ten minutes to address the following questions:

1. The Settlement Agreement contemplates that Wyndham can void the agreement if it is unable to obtain regulatory approval to transfer 400 units out of WorldMark after exhausting commercially reasonable efforts, within the time allowed, which may exceed one year.

    a. What is Wyndham's best estimate that it will obtain that regulatory approval?

    b. Do the parties anticipate placing a cap on the amount of time Wyndham may have to obtain such regulatory approval?

2. The parties also propose a two step process for notice. Although the Court understands that the parties must obtain regulatory approval for the settlement, why would it not be more efficient to set lengthy deadlines for submission of objections and a final approval hearing?

    a. What are the parties' best estimates that they will be able to obtain regulatory approval for the settlement?

3. Are the parties amenable to changing the provisions of the proposed notice to reflect that the plaintiffs "may," rather than "will," receive a payment of "up to $5,000," which is subject to Court approval? Similarly, will the parties be submitting evidentiary support from the Plaintiffs for those incentive payments at the time of final approval?

4. The fee award for this portion of the settlement is significantly larger than the fee award that was negotiated in connection with the derivative claims. What accounts for the difference?

5. Are there any other issues the parties wish to address?

Dated: November 29, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE