Jonathan K. Levine (State Bar No. 220289)
 jkl@girardgibbs.com
Elizabeth C. Pritzker (State Bar No. 146267)
 ecp@girardgibbs.com
Todd I. Espinosa (State Bar No. 209591)
 tie@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Clarke and Rebecca Wixon, Norman
and Barbara Wixon, Kandice Scattolon and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Clarke and Rebecca Wixon, Norman and Barbara Wixon, and Kandice Scattolon, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>Wyndham Resort Development Corp. (f/k/a Trendwest Resorts, Inc.),<br><br>           Defendant. | Case No. C 07 2361 JSW (BZ)<br><br>**[PROPOSED]** **ORDER APPROVING CLASS NOTICE AND SETTING SCHEDULE FOR FINAL SETTLEMENT APPROVAL HEARING** **AS MODIFIED HEREIN**<br><br>Date: <u>August 5</u>, 2011<br>Time: 9:00 a.m.<br>Courtroom: Hon. Jeffrey S. White |

On November 21, 2010, Plaintiffs Clarke and Rebecca Wixon, Norman and Barbara Wixon and Kandice Scattolon ("Plaintiffs") and Defendant Wyndham Resort Development Corporation ("Wyndham") (Plaintiffs and Wyndham are referred to collectively as the "Parties") filed their Joint Application for Preliminary Approval of Class Action Settlement. *See* Dkt. No. 661.

On November 30, 2010, the Parties filed their Joint Supplemental Submission in Support of the Joint Application for Preliminary Approval of Class Action Settlement. *See* Dkt. No. 664. In that submission, the Parties advised the Court that notice had been served upon the appropriate regulators and state attorneys general, in accordance with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA"), and the terms of the Settlement Agreement and Release ("Settlement"). The Parties also advised the Court that the WorldMark Board had unanimously approved a resolution granting its consent to those provisions of the Settlement that may require Board consent.

On December 3, 2010, the Court granted preliminary approval of the proposed Settlement, and authorized the Parties to disseminate a Summary Notice of Class Action Settlement. *See* Dkt. No. 668 at p. 2. The December 3, 2010 Order required the Parties to submit a report to the Court on or before March 3, 2011 advising of the status of the Parties' efforts to obtain Regulatory Approval to implement the terms of the Settlement and, in the event that Regulatory Approval was likely to be attained, a proposed timeline and procedure for providing formal settlement notice to the Settlement Class, and hearing and schedule for final settlement approval by the Court.

The Parties have filed their Joint Status Report, the Declaration of Charles A. Bott, and a proposed form of Class Notice. That Report sets forth the Parties' representation that Regulatory Approval is likely to be attained, and requests that the Court approve the form of notice to the Settlement Class and set a hearing and schedule for final settlement approval. The Declaration of Charles A. Bott further attests that Regulatory Approval is, in Wyndham's estimate, likely to be obtained, and details Wyndham's efforts to obtain Regulatory Approval to implement the terms of the Settlement.

The Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. **With the modifications noted herein,** The Court hereby approves the form and procedures for disseminating a Notice of Class Action Settlement to the Class set forth in the proposed Settlement. The Court finds that the form, content and manner in which notice to be given to the Class constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

3. On or before May 16, 2011, the Parties shall cause individual notice, substantially in the form attached hereto as Exhibit 1, **as modified by this Order,** to be mailed to all reasonably identifiable class members. By that same date, the Parties will post the notice on a members-only portion of the WorldMark, the Club website (www.worldmarktheclub.com) and on the Girard Gibbs LLP website (www.girardgibbs.com).

4. All costs and expenses in connection with providing notice to the Class and administering the proposed Settlement shall be paid in accordance with the terms of the Settlement.

5. A hearing on entry of final approval of the Settlement, an award of fees and expenses to class counsel, and incentive payments to the named Plaintiffs (the "Approval Hearing") shall be held at 9:00 a.m. on **August 5**, 2011, before the undersigned in Courtroom 11 of the United States District Court for Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102. At the Approval Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the named Plaintiffs should be granted.

6. Any Class Member shall have the right to opt out of the Class and the Settlement by sending a written request for exclusion from the Class to the addresses listed in the Notice of Class Action Settlement, postmarked no later than ~~June 24, 201~~ **July 8, 2011**. To be effective, the request for exclusion must include: (i) the member's full name and current address and telephone number, (ii) the member's WorldMark account number, (iii) the member's signature, and (iv) a specifically and clearly state his or her desire to be excluded from the Settlement. If the Settlement is finally approved, any Class Member

who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement and every order or judgment entered concerning the Settlement.

7. Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the Settlement, no later than June 6, 2011.

8. Class counsel shall file an application for an award of attorneys' fees and costs and for an incentive award to the named Plaintiffs ("Fee Application") no later than June 6, 2011.

9. Any member of the Class who intends to object to final approval of the Settlement or the Fee Application must, on or before ~~June 24, 2011~~ **July 8, 2011**, file any such objection and, if applicable, notice of the member's intent to appear at the Approval Hearing, with the Court, and provide copies of the objection or comment to: (1) Girard Gibbs LLP, c/o Wyndham Class Settlement Objection, 601 California Street, 14th Floor, San Francisco, CA 94108; and (2) Troutman Sanders LLP, c/o J. Kirk Quillian, 5200 Bank of America Plaza, 600 Peachtree Street, N.E., Atlanta, Georgia 30308-2216. Each objection must include: (i) the member's full name and current address and telephone number, (ii) the member's WorldMark account number, (iii) the member's signature, and (iv) a specific and clear statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position. The notice of intent to appear must include copies of any papers, exhibits, or other evidence that the objecting Class member (or his or her counsel) will present to the Court in connection with the Approval Hearing..

10. To appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of incentive payments, or to the award of reasonable attorneys fees and expenses paid by Defendant and awarded to Class Counsel, a Class Member must file a timely written objection and appear in person or through counsel at the Approval Hearing, or seek leave of Court excusing such appearance prior to the Approval Hearing.

11. No later than ~~July 15, 2011~~ **July 22, 2011**, the parties shall file any reply in support of final approval of the Settlement and Class Counsel shall file any reply in support of the Fee Application.

12. The Court reserves the right to continue the date of the Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the websites

3

[PROPOSED] ORDER APPROVING CLASS NOTICE AND SETTING SCHEDULE FOR FINAL SETTLEMENT APPROVAL HEARING
CASE NO. C 07 2361 JSW (BZ)

referred to in the Notice of Class Action Settlement, and the parties shall not be required to re-send or re-publish class notice.  **The Status Conference scheduled for April 22, 2011 is VACATED.**

**IT IS SO ORDERED. AS MODIFIED HEREIN.**

Dated: April 19, 2011

_____
Honorable Jeffrey S. White
United States District Judge

[PROPOSED] ORDER APPROVING CLASS NOTICE AND SETTING SCHEDULE FOR FINAL SETTLEMENT APPROVAL HEARING
CASE NO. C 07 2361 JSW (BZ)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clarke and Rebecca Wixon et al. v. Wyndham Resort Development Corp., et al. | Case No. C 07-02361 JSW (BZ)<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**TO: ALL OWNERS OF WORLDMARK, THE CLUB**
**THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT AGAINST WYNDHAM RESORT DEVELOPMENT CORP. PLEASE READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

1. **PURPOSE OF THIS NOTICE.** This notice is being sent at the direction of the United States District Court, Northern District of California ("Court") to all persons who own WorldMark, The Club ("WorldMark") Vacation Credits, to inform you about a proposed settlement ("Settlement") of litigation involving Wyndham Resort Development Corp. ("Wyndham"). If approved by the Court, the Settlement will fully, finally and forever resolve the litigation against Wyndham on the terms and conditions summarized in this notice. You have previously received a similar notice advising you of a proposed settlement of certain derivative claims asserted against certain WorldMark directors. This is a different notice relating to a different proposed Settlement, please read it carefully.

2. **THE SETTLEMENT APPROVAL HEARING IS _____, 2011.** The Court will hold a Settlement approval hearing on _____, 2011 at 9:00 a.m. before the Honorable Jeffrey S. White, at the U.S. District Courthouse, 450 Golden Gate Avenue, 19th Floor, Courtroom 11, San Francisco, California 94102. You have an opportunity to comment on the Settlement and to be heard at this hearing. The Settlement is described in paragraph 5 of this notice. If you wish to comment or appear at the hearing, you must follow the procedures described in paragraph 7 on page 5 of this notice. You may also exclude yourself from the Settlement by following the procedures described in paragraph 8 on page 5 of this notice. If you exclude yourself, or opt-out of the Settlement, you will retain the right to sue Wyndham separately about the same legal claims in this lawsuit, but you will not be able to comment on the Settlement or appear at the hearing.

3. **LITIGATION OVERVIEW.** In 2007, four WorldMark owners ("Plaintiffs") filed a class action lawsuit, U.S. District Court Case No. C-07-02361 JSW (BZ), on behalf of certain WorldMark owners against Wyndham, alleging that Wyndham, as the developer and manager for the WorldMark resorts, engaged in certain acts that violate the WorldMark governing documents and California law. Among other things, the lawsuit challenged the setting of credit values by Wyndham at 12 WorldMark resorts, Wyndham's implementation of TravelShare and Fun Time reservations, the reduction in the number of weeks set aside and not sold at new WorldMark resorts, and Wyndham's use of WorldMark resorts for sales and marketing purposes. Wyndham contests and denies the alleged claims.

4. **THERE HAS BEEN NO FINDING OF WRONGDOING OR LITIGATION SUCCESS.** The Court has not decided the merits of the claims or defenses in the litigation. This notice does not, and is not intended to, imply that there have been or would be any findings of violation of law by Wyndham. Wyndham denies all liability or wrongdoing alleged in the litigation. It believes the Settlement is desirable to avoid the substantial expense, burden, risk, distraction, and uncertainty of protracted litigation. All parties believe the Settlement confers substantial benefits and is in the best interests of WorldMark and owners.

5. **THE SETTLEMENT.** The terms and conditions of the proposed Settlement are set forth in the parties' Settlement Agreement and Release, which has been filed with the Court. The following description of the terms of the proposed Settlement is a summary only:

    A. *Credit Cancellation and Reduction of Credit Values at Certain Resort.* If the Settlement is approved, Wyndham will cancel 22 million WorldMark Vacation Credits that it currently holds as unsold developer credits. Cancelled Vacation Credits will no longer be available for sale, will not be sold, and cannot be used by Wyndham in

1

connection with voting in any WorldMark election. The 22 million cancelled Vacation Credits will be allocated to reduce red season credit values in certain categories of units at certain of the resorts at issue in the lawsuit, as set forth below.

| Resorts Selected for Credit Value Reductions (Red Season) | Unit Type | Number of Units | Number of Season Weeks | Old Credit Value | New Reduced Credit Value | Total Credits Canceled To Permit Credit Reductions |
|---|---|---|---|---|---|---|
| **Anaheim** | Studio | 10 | 50 | 11,000 | 10,500 | |
| | 1 bd | 62 | 50 | 14,000 | 13,000 | |
| | 2 bd | 122 | 50 | 16,500 | 16,000 | 6,400,000 |
| **Camlin** | 1 bd | 57 | 31 | 12,000 | 11,500 | 883,500 |
| **Las Vegas - Tropicana** | 2 bd | 36 | 50 | 13,000 | 12,500 | |
| | 2 bd dlx | 48 | 50 | 15,000 | 14,500 | 2,100,000 |
| **Long Beach - Washington** | 2 bd | 59 | 33 | 13,500 | 13,000 | |
| | 3 bd | 3 | 33 | 15,500 | 15,000 | 1,023,000 |
| **Mission Valley** | 1 bd | 55 | 50 | 12,500 | 11,500 | 2,750,000 |
| **New Orleans** | 1 bd | 22 | 38 | 12,000 | 11,500 | 418,000 |
| **San Diego** | Studio H | 49 | 50 | 12,000 | 11,000 | |
| | 1 bd | 19 | 50 | 15,000 | 13,500 | 3,875,000 |
| **San Francisco** | Studio H | 40 | 40 | 9,000 | 8,500 | |
| | 1 bd | 47 | 40 | 12,000 | 11,500 | 1,740,000 |
| **Santa Fe** | Hotel | 1 | 36 | 9,000 | 8,500 | |
| | C-Studio | 10 | 36 | 12,000 | 10,500 | |
| | 1 bd-c | 5 | 36 | 13,000 | 12,000 | |
| | 1 bd | 14 | 36 | 14,000 | 12,500 | 1,494,000 |
| **Taos** | Studio | 15 | 36 | 11,000 | 10,500 | |
| | Studio-dlx | 4 | 36 | 12,000 | 11,500 | |
| | 1 bd | 9 | 36 | 13,000 | 12,500 | |
| | 2 bd | 2 | 36 | 15,000 | 14,500 | 540,000 |
| **W Yellowstone** | 2 bd | 67 | 20 | 13,500 | 13,000 | |
| | 3 bd | 10 | 20 | 15,500 | 14,500 | 870,000 |
| | | | | **Total Credits Cancelled to Permit Reductions:** | | **22,093,500** |

As a result of this Settlement term, Wyndham's rights and obligations as to the 22 million Vacation Credits, including Wyndham's voting rights in WorldMark elections, will be eliminated. Within 15 days of the Settlement's Effective Date, or as soon as practicable thereafter, the WorldMark reservation system will be modified, and the new lower credit red season values at the affected resorts reflected above will be in place for stays at these resorts, so that members have the benefit of the new, lower credit values when they book reservations or stay at these resorts.

B. *Exchange of Certain Units in Anaheim to Provide More Availability at Lower Credit Values*. If the Settlement is approved, 21 units at WorldMark Anaheim will be returned to Wyndham within 18 months after the Settlement becomes effective. These 21 units at WorldMark Anaheim will be replaced by additional weeks equivalent to 21 units at WorldMark's Dolphin's Cove Resort (also in Anaheim), which has lower credit values. Wyndham will cancel 7 million Vacation Credits associated with this exchange (16.9 million from WorldMark Anaheim less 9.9 million for WorldMark Dolphin's Cove) from its pool of unsold developer credits. The 7 million cancelled Vacation Credits will no longer be available for sale, will not be sold, and cannot be used by Wyndham in connection with voting in any WorldMark election.

2

| Resort | Number of Credits | Number of Units |
|---|---|---|
| **Anaheim** | 16,874,000 Cancelled | 21 Removed |
| **Dolphin's Cove** | 9,860,000 Added | 21 Added |
| **Net Change** | **7,014,000 Cancelled** | **-0-** |

As a result of this Settlement term, Wyndham's rights and obligations as to the 7 million Vacation Credits, including Wyndham's voting rights in WorldMark elections, will be eliminated.

C. ***Extraction of Underutilized Units and Cancellation of Related Credits.*** If the Settlement is approved, between 400 and 481 units at certain underutilized WorldMark resorts will be returned to Wyndham. Underutilized units include only units at resorts with overall Vacation Credit occupancy rates below WorldMark's 85% average rate. This provision of the Settlement "right-sizes" the resorts by eliminating units that WorldMark members underutilize and relieving WorldMark of the expense and ongoing burden of maintaining units that are being underutilized. The specific resorts and number of units being removed at each such resort are identified below (assuming all 481 units are removed):

| Resort | Number of Credits Cancelled | Number of Units Removed |
|---|---|---|
| **Angels Camp** | 19,780,000 | 44 |
| **Bison Ranch** | 8,460,000 | 18 |
| **Canmore** | 13,824,000 | 31 |
| **Denarau Island** | 12,688,000 | 22 |
| **Galena** | 10,568,000 | 31 |
| **Grand Lake** | 13,968,000 | 32 |
| **Indio** | 59,384,000 | 113 |
| **Lake of the Ozarks** | 11,664,000 | 24 |
| **Las Vegas Tropicana** | 36,504,000 | 56 |
| **Pinetop** | 9,304,000 | 23 |
| **Rancho Vistoso** | 10,828,000 | 23 |
| **Steamboat Springs** | 18,008,000 | 27 |
| **Taos** | 20,652,000 | 37 |
| **Total** | **245,632,000** | **481** |

If the Settlement is approved, within 12 months of the Settlement's Effective Date, Wyndham will seek regulatory approval to transfer out of WorldMark a minimum of 400 and up to a maximum of the 481 units identified above or, with the consent of Class Counsel and the WorldMark Board, and with Court approval, certain substitute units (subject to the overall 481 unit maximum) that meet the criteria used to identify the units listed above. Wyndham will complete the transfer of at least 400 units (the "First Transfer Phase") as soon as practicable upon obtaining regulatory approval. If more time is needed to obtain regulatory approval to complete the First Transfer Phase, Wyndham may, depending upon the amount of time required, seek the consent of Class Counsel or a Court order for additional time to complete the First Transfer Phase. After the First Transfer Phase is complete, Wyndham will cancel the Vacation Credits associated with these underutilized units from its pool of unsold developer credits.

When the First Transfer Phase is complete, Wyndham will promptly notify the Court and Class Counsel. At that time, to the extent that Wyndham has not reached the 481 unit maximum or the 245.6 million cap on Vacation Credits, Wyndham may either (i) continue to attempt to obtain the authority to legally transfer the remaining 81 units or such number of substitute units that meet the criteria used to select the original specified units (the "Additional Transfer Phase"); or (ii) declare that this term of the Settlement has been finally and fully performed. After the Settlement's Effective Date, Wyndham has the right to void the Settlement if and only if, after exhausting all commercially reasonable efforts, Wyndham is unable to obtain regulatory approval to legally and effectively transfer out of WorldMark a minimum of 400 units as provided for under this term of the Settlement.

If all 481 units are removed, Wyndham will cancel the 245.6 million Vacation Credits associated with these underutilized units from its pool of unsold developer credits. The 245.6 million cancelled Vacation Credits will no longer be available for sale, will not be sold, and cannot be used by Wyndham in connection with voting in any WorldMark election. As a result of this Settlement term, Wyndham's rights and obligations as to the 245.6 million

3

Vacation Credits, including Wyndham's voting rights in WorldMark elections, will be eliminated. If fewer units are removed, the corresponding number of Vacation Credits to be cancelled will be reduced accordingly. Based on a thorough review of occupancy and credit usage data, Plaintiffs and Wyndham agree that extraction of the units will not materially impair availability at the resorts identified above.

D. *Aggregate Changes in Credits and Units and Reserves.* If the Settlement is approved and implemented, the maximum net reduction in the number of Vacation Credits held by Wyndham for sale as WorldMark Vacation Credits will be 274.7 million, calculated as follows: 22 million cancelled + 262.5 million extracted – 9.86 million added at WorldMark Dolphin's Cove. As a result of the Settlement, Wyndham's rights and obligations as to the 274.7 million Vacation Credits, including Wyndham's voting rights in WorldMark elections, will be eliminated. WorldMark owners would be relieved of maintenance and other costs associated with the extracted units, and the number of credits available to compete for reservations at WorldMark resorts will be reduced, while ensuring that the number of units remaining after extraction will be sufficient to meet owner demand.

At the time units are transferred out of WorldMark, exterior reserves maintained for future refurbishment and repair at resorts where units are being returned to Wyndham will be transferred to, and held by, an independent association or governing body responsible for exterior maintenance at the resort. Interior reserves maintained for future refurbishment and repair of the units returned to Wyndham will be deposited with an escrow agent.

*Amendment of Governing Documents.* To reduce the Vacation Credit values under terms A and B above, and to extract the underutilized units under term C above, will require the Declaration of Vacation Owner Program (the "Declaration") recorded against the title to each of the affected resort properties to be amended to reflect the reduced Vacation Credit values and the extraction of units. Under the terms of the Settlement Agreement, the parties have agreed that a vote of the WorldMark Membership is not required to amend the Declaration for this purpose.

E. *Cessation of Sales of TravelShare with Fun Time.* If the Settlement is approved, Wyndham will cease selling new TravelShare memberships with Fun Time on the later of October 31, 2011 or 90 days after the Settlement becomes effective. WorldMark owners who join TravelShare prior to that date will not be affected by the Settlement.

F. *Election Website.* If the Settlement is approved, Wyndham will establish a separate internet website for owners to access during election cycles for the purpose of, and with content pertaining to, WorldMark Board of Director election matters, subject to reasonable review and approval of any owner postings by the WorldMark Board or the Board's authorized designee. Wyndham will notify WorldMark owners of the website's existence each election cycle via Destinations Magazine and the Insider Magazine.

G. *Limitations of Party Weekends.* If the Settlement is approved, Wyndham will not be able to book Party Weekends at any specific WorldMark resort during any particular calendar month in which the occupancy at the resort has exceeded 90% based on occupancy data from the same month in the preceding calendar year.

H. *Release of Claims.* If the Settlement is approved, all WorldMark owners as of December 3, 2010 who do not exclude themselves from the Settlement will release all claims that have been or could have been alleged in the litigation or that arise out of, are connected with, or are related to the claims asserted in the litigation, including any unknown claims against Wyndham. Wyndham will similarly release all such claims against Plaintiffs and Plaintiffs' Counsel. For a fuller description of the claims being released, please see pages 25-26 of the Settlement Agreement and Release, which is available for viewing at www.GirardGibbs.com/Wyndham-Settlement.asp.

I. *Dismissal of Pending Litigation; Required Action if Settlement is Voided.* If the Settlement is approved, the class action lawsuit will be dismissed, with prejudice, subject to the continuing jurisdiction of this Court. The Wixon plaintiffs also will dismiss with prejudice their complaint in intervention filed in the California state litigation involving a dispute as to the distribution of the owner register and owner email addresses, *WorldMark v. Miller*, Sacramento County Superior Court Case No. 34-2008-00025130-CU-PT-GDS.

4

After the Settlement's Effective Date, Wyndham has the right to void the Settlement if and only if, after exhausting all commercially reasonable efforts, Wyndham is unable to obtain regulatory approval to extract and transfer out of WorldMark a minimum of 400 units as provided for under the extraction provision of the Settlement. If Wyndham exercises this right, the Parties will, within ten (10) business days thereafter, request a Court order that: (i) the judgment and dismissal of the Action be vacated; (ii) Plaintiffs' Fifth Amended Class Action Complaint and Wyndham's Answer thereto be reinstated as the operative pleadings and the record be reinstated; (iii) the Parties shall be restored to their respective positions in the litigation as of July 2, 2010; (iv) all Settlement Class members shall be restored to their respective positions as of July 2, 2010; and (v) notice to the settlement class shall be provided, if deemed necessary, by the Court at Wyndham's expense.

6. **PLAINTIFFS' COUNSEL'S FEE AND EXPENSE APPLICATION.** Plaintiffs and the Class have been represented by Girard Gibbs LLP, a law firm in San Francisco, California. Girard Gibbs has been assisted by Gersh & Helfrich LLP, a Denver, Colorado law firm. To date, Plaintiffs' Counsel have not been compensated for any of their work or reimbursed for any of the significant expenses incurred in the litigation. Subject to Court approval, Wyndham has agreed to pay a fee award in an amount not to exceed $5 million to compensate Plaintiffs' Counsel for the work they have performed for the Class, the litigation expenses incurred (including experts), and the costs associated with the notice and administration of the Settlement, together with any amounts paid to Plaintiffs as incentive awards. Also subject to Court approval, each of the named Plaintiffs may receive a $5,000 incentive award to be paid out of the total amount of any fee award to Plaintiffs' Counsel. Neither Plaintiffs, WorldMark, nor the Class will be responsible for the payment of any of Plaintiffs' Counsel's fees or expenses or the incentive awards. In addition, the Settlement described above is not contingent upon the Court's award of fees or expenses to Plaintiffs' Counsel or the incentive awards to the named plaintiffs.

Plaintiffs' Counsel's fee and expense application, including the incentive awards, are subject to Court approval. You may comment on these matters, if you wish, following the procedures set forth in paragraph 7 below.

7. **THE SETTLEMENT HEARING AND YOUR RIGHT TO BE HEARD.** You do <u>not</u> need to attend the Settlement approval hearing, which will be held on **_____, 2011 at 9:00 a.m.** in San Francisco, California, unless you wish to address the Court or appeal the Settlement's approval or the fee and expense award. You have the right to attend or comment on the Settlement or fee and expense application if you want to.

If you wish to comment on the Settlement or fee and expense application, you must submit your comment **in writing**. **Your written comments must**: (1) include a reference at the beginning to *Wixon v. Wyndham*, Case No. C 07-02361 JSW (BZ); (2) list your name, address, telephone number, and WorldMark owner account number; (3) be signed by you; (4) explain your comment/objection; and (5) if you intend to appear at the hearing personally or through counsel, state on the first page of your submission "Intent to Appear at Hearing." Written comments must be **received** by the Court and attorneys listed below **no later than June 24, 2011**:

| *Clerk of the Court:* | *Plaintiffs' Counsel:* | *Wyndham's Counsel:* |
|---|---|---|
| Clerk of the Court<br>U.S. District Court, Northern<br>   District of California<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | Jonathan Levine or Elizabeth Pritzker<br>Girard Gibbs LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 | Kirk Quillian<br>Troutman Sanders LLP<br>600 Peachtree Street, N.E.<br>Suite 5200<br>Atlanta, GA 30308 |

If you do not present your comments in writing in compliance with these procedures, your views will not be considered, you will not be permitted to address the Court, and you will waive your objections.

8. **YOUR RIGHT TO EXCLUDE YOURSELF FROM THE SETTLEMENT.** You may exclude yourself, or opt-out, from the Settlement. If you exclude yourself, you will keep the right to sue Wyndham, on your own, about the legal issues in this case, and you will not be legally bound by the Court's judgment in the class action. If you start your own lawsuit against Wyndham, you will have to hire and pay for your own lawyer and prove your claims. If you exclude yourself,

you give up the right to comment on the Settlement or fee and expense application and give up the right to be heard at the Settlement approval hearing.

If you wish to exclude yourself from the Settlement, you must send a letter by U.S. mail or overnight delivery to Plaintiffs' Counsel at the address set forth in paragraph 7 above.  Your letter must: (1) include a reference at the beginning to *Wixon v. Wyndham*, Case No. C 07-02361 JSW (BZ); (2) list your name, address, telephone number, and WorldMark owner account number; (3) be signed by you; and (4) specifically state that you wish to be excluded from the Settlement.  Your letter must be postmarked no later than June 24, 2011.  You cannot exclude yourself on the telephone or by e-mail.

9. **MORE INFORMATION.**  This notice only summarizes the lawsuit and the Settlement.  For more details, you may review the Settlement Agreement and Release, available online in Adobe Portable Document Format (pdf) at www.GirardGibbs.com/Wyndham-Settlement.asp.  The Settlement Agreement and all other pleadings and papers filed in the lawsuit are available for inspection and copying during regular business hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

**If you would like more information about the Settlement, you may contact Plaintiffs' counsel, Girard Gibbs LLP, 601 California Street, Suite 1400, San Francisco, CA 94108; telephone number (415) 981-4800; or by email to Wyndham-Settlement@GirardGibbs.com.**

> **PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.**

DATED: _____, 2011            BY ORDER OF THE UNITED STATES DISTRICT COURT
                                   FOR THE NORTHERN DISTRICT OF CALIFORNIA