1  Jonathan K. Levine (State Bar No. 220289)
       jkl@girardgibbs.com
2  Elizabeth C. Pritzker (State Bar No. 146267)
       ecp@girardgibbs.com
3  Todd Espinosa (State Bar No. 209591)
       tie@girardgibbs.com
4  **GIRARD GIBBS LLP**
   601 California Street
5  San Francisco, California 94108
   Telephone: (415) 981-4800
6  Facsimile: (415) 981-4846

7
   Class Counsel and
8  Attorneys for Plaintiffs Clarke and Rebecca Wixon,
   Norman and Barbara Wixon, and Kandice Scattolon
9

10 [Additional counsel appear on signature page]

11            **UNITED STATES DISTRICT COURT**
12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14 CLARK and REBECCA WIXON, NORMAN              Case No. C 07-2361 JSW (BZ)
   and BARBARA WIXON, and KANDICE
15 SCATTOLON, individually and on behalf of
   themselves and all others similarly situated,
16                                               **[SECOND PROPOSED] FINAL CLASS
                                                 ACTION SETTLEMENT APPROVAL
17                       Plaintiffs,             ORDER AND JUDGMENT**

18       v.                                      **Class Action**

19
   WYNDHAM RESORT DEVELOPMENT
20 CORP. (f/k/a Trendwest Resorts, Inc.),        Hearing date:  August 5, 2011
                                                 Hearing time:  9:00 a.m.
21                       Defendant.              Before:        Hon. Jeffrey S. White

22

23

24

25

26

27

28

This matter came before the Court for hearing pursuant to the Court's April 19, 2011 Order Approving Class Notice and Setting Schedule for Final Settlement Approval Hearing (the "Notice Order"), and on the written submissions of Plaintiffs Clarke and Rebecca Wixon, Norman and Barbara Wixon and Kandice Scattolon (collectively, "Plaintiffs") and Defendant Wyndham Resort Development Corp. ("Wyndham") for final approval of the parties' Settlement Agreement filed with the Court on October 21, 2010.  Due and adequate notice having been given of the proposed Settlement as required in the Notice Order and by the Class Action Fairness Act, 28 U.S.C. § 1715(b), and the Court having considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.     The Court finds and concludes that notice has been given to all members of the Settlement Class known and reasonably identifiable and was the best notice practicable under the circumstances and fully satisfied due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3.     Those persons listed in the attached <u>Appendix A</u> have submitted timely opt-out letters in accordance with the Notice Order and are hereby excluded from the Settlement Class.

4.     The Court has received 21 objections to the Settlement that were timely filed in accordance with the Notice Order.  All of these objections have been duly considered and are hereby overruled for the following reasons:

<u>Irrelevant or Conclusory Objections</u>.  Several of the objections raise issues that are irrelevant to the Settlement or contain only general statements.  Such submissions are insufficient on their face.  *See* Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:58 (4th ed. 2002).

<u>Objections to Removal of Underutilized Units From the WorldMark System Without A Membership Vote</u>.  A number of objectors argue that the Settlement proposal to return underutilized units to Wyndham, in exchange for Wyndham's agreement to cancel and surrender up to 274.7 million Vacation Credits it now owns, requires a membership vote.  Objectors incorrectly assume that the proposal requires a change of the WorldMark Governing Documents.  The Governing Documents, and

in particular the Declaration of Vacation Ownership (the "Declaration") that is part of the Governing Documents, are not changed under the Settlement.  Objectors further incorrectly assume that the proposal will harm Class members because Wyndham was not constrained as to the units to be removed.  Under the Settlement Agreement, only units at resorts with overall Vacation Credit occupancy rates below WorldMark's 85% average rate will be subject to removal, and sufficient units will remain at the resorts to meet owner usage demand.  Similarly, the argument that there is no authority to remove units from the Club is without basis and not reason to reject the Settlement. Section 3.4 of the Declaration expressly refers to the "loss" and "deletion" of units.  Likewise, the argument that the removal of units constitutes a "sale" of Club property for which a membership vote is required is incorrect.  Wyndham (or its predecessor) paid to develop the resort properties, which were transferred to WorldMark for free, in exchange for the right to sell Vacation Credits allocated to units in those properties. The Settlement proposes to unwind that original transaction with respect to specified, underutilized units, and "right size" the resorts for the benefit of WorldMark members.  As Plaintiffs explain, this type of exchange is within the scope of Sections 3.4(b) and (c) and 8.2 of the Declaration.  Plaintiffs have shown, and some objectors acknowledge, that the proposed unit removal and credit cancellation transactions provide reasonable and meaningful benefits to the class.  In addition, the objectors' argument fails to assess the settlement in light of the substantial risks attending continued litigation, which this Court must take into account.  *Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  As Plaintiffs concede, ultimate success on the class claims, were they to be litigated rather than settled, is far from certain.

Objections to Alteration of the Meaning of "Relative Use-Value."  Several objectors expressed concern about what the Settlement means with respect to the "relative use-value" provision of Section 3.4(a) of the Declaration.  The phrase is not defined in the Governing Documents.  As the parties' Agreement expressly provides, "[n]othing [in the Settlement Agreement] shall be construed to amend the WorldMark Governing Documents."  This approach was a reasonable compromise given the uncertainty faced by both sides with regard to the Court's interpretation of the phrase were the litigation to have proceeded.  *See 7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1144, 1150 (2001).

2

1        <u>Objections that Credit Reductions at Disputed Resorts Are Insufficient</u>.   Several objectors

2    contend that the proposal to reduce Credit Values at 11 resorts is insufficient.   Even if there was a

3    possibility that Plaintiffs would have obtained higher credit value reductions for the Class at trial, such

4    possibility does not render the Settlement unfair or inadequate.   The fact that a proposed settlement

5    may amount to a fraction of the potential recovery is not a basis for the Court's disapproval.   *See id.*

6        <u>Objections to "Bonus Time" Availability</u>.   Some objectors argue that the Settlement is

7    inadequate because it does not address allegations in the Complaint that Wyndham improperly limited

8    the availability of Bonus Time and increased usage at WorldMark resorts, when it made the decision to

9    set aside 50 rather than 48 weeks' worth of Vacation Credits at certain newer resorts.   As Plaintiffs

10   observe, however, continued litigation of these matters would have been lengthy and uncertain.   The

11   compromise embodied in the Settlement is reasonable under these circumstances.   *See Mego Fin. Corp.*

12   *Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

13       <u>Objections Regarding TravelShare with FunTime</u>.   Certain objectors raise various concerns

14   about the Settlement proposal to cease selling TravelShare with Fun Time, generally arguing that it was

15   improper for Wyndham to sell TravelShare with Fun Time in the first place.   As with Bonus Time,

16   however, Plaintiffs respond that success on the theory that it was improper for Wyndham to create and

17   sell Fun Time is uncertain.   Plaintiffs observe that there is no express provision in the Governing

18   Documents that prohibits Wyndham from selling optional benefits programs like TravelShare.   The

19   Settlement represents a reasonable compromise under these circumstances.   *See id*.

20       <u>Objections to Dismissal of State Court Litigation Over the Membership Register</u>.   Certain

21   objectors argue that the Court should reject the Settlement because it will dismiss Plaintiffs' complaint

22   in intervention in *WorldMark v. Robin Miller*, Sacramento Superior Court No. 34-2008-0025130, if the

23   Settlement is approved.   The Class was not a party to the *Miller* action and does not lose any legal

24   claims if the complaint in intervention is dismissed.

25       <u>Miscellaneous Objections</u>.   Various miscellaneous objections were also asserted.   These include

26   objections regarding the Settlement Class definition, the electronic posting of the Settlement Notice and

27   Plaintiffs' payment of third-party settlement administration costs.   Such objections all lack merit.   The

28   Settlement Class definition set forth in the Settlement Notice comports with this Court's prior orders, as

does the electronic posting of the Settlement Notice.  Plaintiffs' responsibility for third-party settlement administration costs is not improper or uncommon.  *See generally* Joseph M. McLaughlin, McLaughlin on Class Actions § 4:32 (2010).

The Court further denies the requests of Stephen Willett for appointment as lead objectors' counsel and for leave to conduct discovery regarding the merits of the litigation.  Such requests are an improper attempt to expand the scope of the Rule 23(e) approval procedure.  *See Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

In sum, the Court having reviewed all of the objections made, none shows the Settlement to be unfair, unreasonable or inadequate.  *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *15 (N.D. Cal. April 22, 2010) (N.D. Cal. 2010).

5.      The Court approves the Settlement Agreement, including the Amended and Restated Exhibit E (attached to the Declaration of Charles A. Bott (Dkt. No. __)) and finds that it is, in all respects, fair, reasonable and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure.  The Court further approves the award of attorneys' fees to Plaintiffs' counsel and the incentive award to Plaintiffs as provided for in the Settlement Agreement and as addressed in the Court's separate fee order.  The Court finds that such fee and incentive awards are, in all respects, fair and reasonable, that the Settlement was honestly negotiated and that the Settlement provides substantial benefit the Settlement Class.  *See generally Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1025 (1998).

6.      The Court hereby dismisses this action with prejudice and without costs, except as provided for in the Settlement Agreement.

7.      Wyndham, the Plaintiffs, and the Settlement Class members shall be deemed to have, and, by operation of this Judgment, shall have, released claims and causes of action as set forth in the Settlement Agreement.

8.      Without affecting the finality of this Judgment in any way, administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of this Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement

4

1  Agreement. The Court expressly retains jurisdiction to enter such further orders as may be necessary or

2  appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

3

4

5  DATED: _____, 2011          _____

6                                              The Honorable Jeffrey S. White
                                               UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I, Elizabeth C. Pritzker, hereby certify that on July 22, 2011, I filed the following document(s):

4

**[SECOND PROPOSED] FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER AND JUDGMENT**

5

6

7

By ECF (Electronic Case Filing):  I e-filed the above-detailed document utilizing the United States District Court, Northern District of California's mandated ECF service on July 22, 2011. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

8

9

10

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, CA on July 22, 2011.

11

12

13

<u>/s/ Elizabeth C. Pritzker</u>
Elizabeth C. Pritzker

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[SECOND PROPOSED] FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER AND JUDGMENT
CASE NO. C 07 2361 JSW (BZ)

2297556v3