**LAW OFFICE OF STEPHAN WILLETT**
Stephan Willett, Esq.
4503 Gilbertson Road
Fairfax, VA 22032
703-855-3724
703-323-5658 (fax)
stephan.willett@yahoo.com
**Attorneys for Objectors**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Zoe Smith-Fallgren, Gregory Miller,<br><br>Objectors,<br><br>and<br><br>Wixon, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Wyndham Resort Development Corp.,<br><br>Defendant. | Case No. C 07 2361 JSW<br>Honorable Jeffrey S. White<br>Class Action<br><br>**RECONSIDERATION REQUESTED OF ORDER REGARDING ECF/CM POSTING OF CLASS MEMBER OPT-OUT LETTERS MAILED TO COURT AS MODIFIED**<br>AND ORDER DENYING SAME<br><br>Return Date: July 8, 2011<br>Hearing Date: August 5, 2011<br>Hearing Time: 9:00AM |

To each party and their attorney of record, Stephan Willett affirms:

1

1. Joint Counsel made an exparte request to change the rules that were requested in their motion, Doc. 661 after the fact as this court required in its order, Doc. 683. Specifically, Joint Counsel has now requested that filings NOT be scanned in the above captioned case in abrogation of this court's order, Doc. 683, thus excluding attorneys of record from receiving timely relevant filings. No consultation was attempted with the attorneys of record in this case that have an obvious interest in your order, Doc. 1086 and rights secured thereby. The court has obliged Joint Counsel's requested stipulation by its order, Doc. 683.

2. Joint Counsel has disregarded the interests of the parties represented herein and did not consult with the relevant parties of record before filing their request in Doc. 1085.

3. No motion was filed to change the rules established by your order, Doc. 1086 in an area with well established in pro forma class action procedure. Thus, interested parties have not had an opportunity to respond to Joint Counsel's request and protect their interests.

4. Joint Counsel produced no facts to substantiate why their request to not scan relevant filings in this case was necessary. In contradiction, their request states that "a small group of Class members advised other Class members to mail copies of their opt-out letters to the

Court in addition to Class Counsel", Doc. 1085. However, that group of owners should hardly be characterized as a "small group". WMOwners, Inc. has a registered membership of over 11,000 members that has been experiencing increasing numbers of guests (numbering in the thousands (1,000s)) visiting their site each day in the last month. WMOwners, Inc. posted opinions in support of opting out and provided means to facilitate opting out, but they should not be considered "a small group" or insignificant. For example, courts have observed "these associations represent the interests of thousands of retail pharmacists and class members", *In re Brand Name Prescription Drugs Antitrust Litig.*, 1996 U.S. Dist. LEXIS 8817 (N.D. IL 1996). Similarly, "the Court allowed additional time for potential class members to respond or object. Thereafter, several more articles appeared in the Courier Journal, describing the proceedings and publishing the information telephone number in bold type. Counsel for the objectors held <u>several informational meetings</u> as well", *Bell v. Dupont Dow Elastomers, LLC*, 2009 U.S. Dist. LEXIS 56636 (W.D. KY 2009). Actually, there were not many copies of opt-out letters filed. The vast majority of opt-out letters have been personally addressed to the court with individual reasons for opting out, yes many are copied reasons but there are many reasons that have not been copied. The

letters filed go far beyond the standard required opt-out letter which need not provide any reasoning.

5. Joint Counsel provided no reason for their request to not scan relevant filings in this case. The above objecting parties have made specific and relevant reference to class members opting out in their objection, Doc. 683, pg. 19, thus Joint Counsel's reasons for requesting opt-out letters not be scanned should be questioned and scrutinized. Yet there is no justifiable reason for Joint Counsel to desire opt-out letters not be scanned. The apparent reason Joint Counsel desires opt-out letters not be scanned is self serving, similar to their desire for a short objection period and quick Fairness Hearing, and which serves only to confound justice.

6. The tone of the opt-out letters are important to the parties in this case. The above objecting parties tone and choice of words in emails to counsel for the above named parties goes beyond what should be part of the formal public record, thus will not be repeated here.

7. The relevance of General Order 45, specifically the uncited portions of § VII could not be determined.

8. The opt-out filings in this case have not and cannot reach the level of that in *Georgine v. Amchem Prods.,* 160 F.R.D. 478 (E.D. Penn.

1995) where "a total of 236,323 timely exclusion requests were received". There are only about 250,000 class members in this case.

9. Due to defendants delays in timely providing the email addresses of class members, *WorldMark v. Miller*, Case No. 34-2008-00025130 (Supr Ct Sacramento Cty, CA October 22, 2008), *affirmed* No. S186940 (Sup Ct CA December 1, 2010); *Miller v. Worldmark*, Case No. 34-2010-00083295 (Supr Ct. Sacramento Cty, CA July 22, 2010); and *WorldMark v. Miller*, Case No. 11-2-09031-1 (Supr Ct King Cty WA March 7, 2011), the class could not be notified by fellow class members of relevant information regarding the Settlement until July 1, 2011, a mere 7 days before opt-out letters were required to be post marked.

10. Class members were burdened with the requirements they mail three (3) separate copies of their opt-out letters to three separate addresses. The above requirements are still mandated in our electronic age to insure the no members' voice is overlooked. Customarily, class action counsel has a duty to report on all the class members' communications regarding a settlement. The report usually includes a cross-check with filings made with the court to insure no members' filing is lost. This court's order, Doc. 1086 obfuscates the class counsel's ability to insure all filings are considered. However, more important, the class's ability to judge fellow class members

5

1 temperament is severally undermined. As outlined above, the homogeneity
2 of this class has resulted in three (3) State Cases involving rights of
3 members to members list. This class's objection and opt-out base due to
4 the number of filings should have put this court on notice that limiting this
5 class's access to information is warranted only under aggravating
6 circumstances which have not been presented in this case.

7     11.    Counsel for the above named parties should be provided copies
8 of all relevant filings, including specifically all opt-out letters by email.

9     BASED ON THE FOREGOING, your honor is requested to reconsider
10 whether order, Doc. 1086 meets the standards of justice and to correct the
11 above order accordingly, and/or to order that all opt-out letters be timely
12 sent by email to the above named parties' counsel of record. A proposed
13 order does not follow.

Dated: July 15, 2011

                Respectfully submitted,

        By:   /s/  Stephan Willett
             Stephan Willett

The Court does not find good cause to reconsider its decision. Accordingly, the request is DENIED.

August 3, 2011



6