UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARKE and REBECCA WIXON, | ) | |
| Plaintiff(s), | ) | No. C 07-2361 JSW (BZ) |
| v. | ) | **ORDER DENYING PLAINTIFFS'** |
| | ) | **MOTION TO COMPEL DEPOSITION** |
| WYNDHAM RESORT DEVELOPMENT CORP., et al., | ) | **OF OBJECTOR-APPELLANTS** |
| Defendant(s). | ) | |

Plaintiffs have moved to compel the depositions of two objector-appellants pursuant to Rule 27(b) of the Federal Rules of Civil Procedure, which authorizes the Court to permit a party to depose witnesses pending appeal in order "to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. Proc. 27(b). Depositions pending appeal are allowed only on a showing of the expected substance of the testimony of each deponent and the reasons for perpetuating testimony. Fed. R. Civ. P. 27(b)(2). The movant must show the need for *preserving* the evidence it seeks. In re City of El Paso, 887 F.2d 1103, 1105 (D.C. Cir. 1989) ("this rule requires a real showing of the

1

need for the preservation of the evidence"). The primary reason to perpetuate testimony is to avoid possible loss of testimony in any future proceedings in the district court after the appeal – due to the passage of time or the unavailability of witnesses – that would cause injustice. *See, e.g.*, Central Bank of Tampa v. Transamerica Ins. Group, 128 F.R.D. 285, 286 (M.D. Fla. 1989) (when the passage of time or the unavailability of witnesses would cause injustice, the court may allow the perpetuation of testimony pending appeal).

Here, rather than using Rule 27 to perpetuate testimony, Plaintiffs are attempting to utilize it as a substitute for discovery. Plaintiffs seek to depose the objector-appellants in order to learn whether these individuals have standing or would be appropriate class representatives in the event that a new class action suit commences. This is not a proper use of Rule 27. *See* 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 348 (E.D. Pa. 2000) (Rule 27(b) is not a substitute for discovery and its application must be grounded primarily in the need to avoid any failure or delay of justice.); Windsor v. Federal Executive Agency, 614 F. Supp. 1255, 1264-65 (D. Tenn. 1984) (Rule 27(b) "applies only in that special category of cases where it is necessary to prevent testimony from being lost.") (quoting In re Ferkauf, 3 F.R.D. 89 (D.N.Y. 1943)). Plaintiffs make no argument that there is a risk that certain information will be destroyed or lost unless the objector-appellants are deposed pending the
///
///

appeal[1], and Plaintiffs cite to no authority to support their proposition that Rule 27(b) can be invoked in the manner they set forth. Plaintiffs rely primarily on a decision issued by the District Court of Maryland in <u>In re Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation</u>, Case No. 08-1982, for the proposition that Rule 27(b) permits extraordinary discovery pending appeal. (Pl.'s Mot. P. 5.) That order is less than one page in length and contains no substantive or legal analysis. Although Plaintiffs did not provide the Court with a copy of that unpublished decision, the Court reviewed both the parties' briefs as well as the court's order. It appears that the settlement agreement in <u>Tyson</u> specifically contemplated that the parties would be permitted to depose any objectors to the settlement – a fact Plaintiffs failed to disclose. Moreover, the party seeking the depositions in <u>Tyson</u> made a specific showing that certain evidence would in fact be lost if the objectors were not deposed. No such showing has been made in this case.

For the foregoing reasons, Plaintiffs' motion is **DENIED**.[2]

Dated: October 4, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\WIXON V. TRENDWEST\ORD ON PL'S MOT TO DEPOSE OBJECTOR APPELLANTS.FINAL VERSION BZ.wpd

---

[1] Plaintiffs assert that Mr. Willett, counsel for the objector-appellants, allegedly deleted certain discussion threads on various websites pertaining to the class settlement reached in this case. (Pl.'s Mot. P. 7.) To the extent that this information has already been deleted, there is no way that it can possibly now be preserved. Moreover, Plaintiffs are not attempting to depose Mr. Willet.

[2] Plaintiffs' Motion for Leave to File a Supplemental Opposition (Docket No. 1370) is **DENIED** as moot.

3